[No. 8500.  *En Banc.*  October 13, 1910.]

MARY H. MOLLOY, *Appellant*, v. UNION TRANSFER, MOVING & STORAGE COMPANY, *Respondent*, MRS. M. BRADLEY et al., *Defendants.*[1]

JUDGMENTS—VACATION—IRREGULARITY—NOTICE OF PROCEEDINGS. It is discretionary for the trial court to vacate a judgment which was entered against a defendant, who had appeared by the service of a demurrer, without the framing of any issues, or notice of the trial, or any claim or entry of default, in view of Rem. & Bal. Code, § 241, entitling a defendant after appearance to notice of all proceedings.

[1]Reported in 111 Pac. 160.

JUDGMENT—VACATION—ACTIONS—DISMISSAL. Upon the vacation of a judgment for the want of jurisdiction over the person of defendant, the action is still pending, and it is error to dismiss the same, the time for the service of process not having expired.

JUDGMENT—VACATION—PROCESS—SERVICE—PROOF—SUFFICIENCY—APPEARANCE—AUTHORITY. It is error to vacate a judgment and dismiss the action for want of jurisdiction over the person of the defendant, where the affidavit of the deputy sheriff showed service on the defendant; and a demurrer was served by an attorney purporting to represent the defendant, and neither the attorney nor the secretary-treasurer of the defendant explicitly denied the authority of the attorney to represent the defendant.

APPEAL—FINAL ORDERS—VACATION OF JUDGMENT. An order vacating a judgment is not appealable as a final order.

RUDKIN, C. J., GOSE, and PARKER, JJ., dissent.

Appeal from a judgment of the superior court for King county, Kennan, J., entered October 15, 1908, dismissing an action for damages, after vacating a default judgment therein for the plaintiff for want of jurisdiction over the person of the defendant. Reversed.

*John T. Casey (Milo A. Root, of counsel), for appellant.*
*E. M. Farmer, for respondent.*

CROW, J.—Plaintiff began this action against the defendants, to recover damages for the breach of a lease and for the destruction of a lien given for its security. Plaintiff had leased a certain apartment house to defendant Bradley, for a definite term, at a stipulated monthly rental, and as security for the rent it was agreed in the lease, which was in writing, that plaintiff should have a mortgage lien on the furniture belonging to the lessee. But two months' rent was paid. Other breaches of the lease were alleged, but it is unnecessary to discuss them. Defendant Bradley undertook to move her furniture out of the leased apartment, and it is alleged that she employed the Owl Transfer & Storage Company and the Union Transfer, Moving & Storage Company to transfer her goods. It is further alleged that the

transfer companies were notified of the interest of the plain-
tiff and her claim of lien upon the furniture, but that in dis-
regard of her rights, they assisted the defendant Bradley in
the removal, so that her lien has been lost and destroyed.
The court's minutes show that a general demurrer, pur-
porting to have been urged on behalf of all the defendants,
was overruled by the court.   This demurrer was not filed
by the attorney who had served it upon the plaintiff's counsel
and who at that time represented the defendant Bradley, but
the copy served was filed by the attorney for the plaintiff
in resistance to a motion to which we shall presently allude.
An answer was thereafter filed by the same attorney on behalf
of the defendant Bradley only.

Conceding the demurrer to have been an authorized ap-
pearance on behalf of all the defendants, it was not filed prior
to judgment, and the record before us shows that no further
appearance was made by the defendant Union Transfer, Mov-
ing & Storage Company, nor was any further issue of law
or fact framed between it and the plaintiff.   Thereafter the
cause came on for trial before the court without a jury on
the issues of fact raised between the plaintiff and the de-
fendant Bradley.   Findings of fact, conclusions of law, and
judgment were entered in general terms against "the defend-
ants."   The name of the defendant Bradley only, appears in
the findings.   The term "the defendants" only appears in the
judgment, in which no defendant's name is mentioned, save
in the caption or title of the cause:   It does not appear from
the record that any notice of trial, of application for judg-
ment, of the entry of judgment, or of any of the proceedings
was served upon the defendant Union Transfer, Moving &
Storage Company, or that it had any knowledge of the judg-
ment until execution was issued thereon.   The company
then appeared by another attorney and moved to set aside,
vacate, and declare null and void the judgment theretofore
rendered against it, for the reason that the court had failed
to obtain jurisdiction over the defendant and that the judg-

ment had been obtained by fraud. After a hearing, the court set aside the judgment and declared it to be null and void. After twenty days a claim for default was made by plaintiff. This was met by a motion to dismiss as to the Union Transfer Company. The default was denied, and the motion to dismiss was allowed. Plaintiff has appealed.

The reasons for the order of dismissal are not disclosed by the record, although suggested in the briefs. The court probably proceeded upon the theory that no service of the summons and complaint had been made upon the respondent company. In vacating the judgment the trial judge may have proceeded upon the theory that it was void because no service of the summons and complaint had been made on the respondent company. Although proof of such service was made and filed after judgment and before the hearing of the motion for its vacation, we nevertheless conclude that the trial judge acted well within his powers and discretion when he vacated the judgment which had been entered against the respondent company, without the framing of any issue of fact between it and the appellant, without any notice to it that an application for judgment would be made, and without any claim for or entry of an order of default following respondent's failure to plead. Rem. & Bal. Code, § 241, provides that: "After appearance a defendant is entitled to notice of all subsequent proceedings." This right remains with a defendant who has appeared, until upon motion and notice an order of default had been properly claimed and entered against him. The judgment in this action was irregularly entered without proof of service of any notice. The respondent did not learn of its existence until execution was issued and the time for an appeal had expired. The judgment did not mention the respondent's name, but ran against "the defendants," a form of expression which misled the attorney who at the trial appeared on behalf of the defendant Bradley, and whose affidavit shows that he understood judgment was to be entered against her only. Since the

judgment was thus obtained and entered, we do not think it should now be reinstated by order of this court after the trial judge has exercised his discretion in vacating and setting it aside.

We cannot, however, indorse the opinion of the learned trial judge that the case should be dismissed. The order vacating the judgment left the case open and pending, and if no service had been obtained, it was the privilege as well as the right of the plaintiff to perfect the service or make a new service as the necessities of the case demanded.

"The court having vacated the original judgment, on the ground, we must suppose, that no service of process had ever in fact been made, correctly treated the suit as still pending." *Kelly v. Harrison,* 69 Miss. 856, 12 South. 261.

See, also, *Meyer Brothers v. Whitehead,* 62 Miss. 387; *Aetna Life Ins. Co. v. Board of Com'rs. Hamilton County,* 79 Fed. 575; Freeman, Judgments (4th ed.), 104.

It is not within the power of a court having jurisdiction of the subject-matter to dismiss an action for the want of service, unless it appears that the time when a valid service can be made has expired by limitation or otherwise. Respondent relies upon the case of *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73. But that case is not in point. Judgment had been entered upon the dissolution of a temporary restraining order. It is there said:

"It is urged by appellant that it was error to enter final judgment until after final hearing of the cause. As a general proposition, the contention is correct, but the so-called motion to dissolve contains recitals which are the equivalent of a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against the respondent."

No leave was asked to amend, and the court entered a judgment of dismissal. This was approved. But if the rule were otherwise than as we have found it to be, we think the court erred in holding that it had not acquired jurisdiction of the Union Transfer Company. As against the ruling of

the court on the demurrer, which ran against all parties defendant, the form of the demurrer as supplied when the hearing on the motion to vacate the judgment was had, and the affidavit of the deputy sheriff saying that service was in fact made, we have only the denial of the present attorney for respondent, who admittedly had no personal knowledge of any of the proceedings prior to the time the motion to vacate the judgment was made. He states that the attorney who is said to have made the general appearance acted without authority. Neither the secretary-treasurer of respondent, nor the attorney whose appearance is questioned, explicitly denied his authority, although we grant that such is the impression sought to be conveyed. The whole record being before us, we find that the court had acquired jurisdiction of the person of respondent, and the action should not have been dismissed for that reason.

It is also urged that the appeal should be dismissed. We have said enough to show that the order vacating the judgment was not final. It is so well settled that an appeal will not lie from an order vacating or setting aside a judgment unless it is final, not in form but in law, that a citation of the authorities is unnecessary.

The judgment of dismissal is reversed, with directions to the lower court to reinstate the action, permit an answer on the part of respondent, and allow the cause to be tried upon the issues when made.

DUNBAR, MOUNT, CHADWICK, and FULLERTON, JJ., concur.

RUDKIN, C. J. (dissenting)—I dissent. The motion to vacate the original judgment was based on the following grounds, specifically set forth in the motion:

"(1) That said judgment is void for failure of the above entitled court to obtain jurisdiction over said defendant.

"(2) That the said judgment was obtained by a fraud practiced by the successful party, plaintiff herein, by neglect-

ing and failing to serve said defendant with the summons and complaint in said action."

It will thus be seen that want of jurisdiction in the court to render the judgment was the sole ground of the motion to vacate, and when that question was resolved in favor of the jurisdiction, the motion to vacate failed.

The judgment should be reversed, with directions to deny the motion to vacate and to reinstate the original judgment.

GOSE and PARKER, JJ., concur with RUDKIN, C. J.