[No. 19169.   Department One.   July 15, 1925.]

THOMAS L. HOFTO, *Respondent*, v. NATIONAL CASUALTY COMPANY, *Appellant*.[1]

JUDGMENT (28, 46)—DEFAULT—NOTICE — APPEARANCE — VACATION OF DEFAULT. After notice of general appearance, it is error to grant a default judgment without notice of motion therefor, in view of Rem. Comp. Stat., § 241, and superior court rule No. 4, entitling defendants to notice of all subsequent proceedings after appearance.

Appeal from an order of the superior court for Pierce county, Chapman, J., entered October 11, 1924, denying a motion to vacate a default judgment. Reversed.

*Van Dyke & Thomas*, for appellant.

BRIDGES, J.—Appeal from an order refusing to vacate a judgment by default. The respondent has not appeared in this court. Appellant's motion to vacate shows that it has a meritorious defense to the action.

[1]Reported in 237 Pac. 726.

Within a proper time after service of process, the defendant demurred to the complaint. Thereafter the demurrer was sustained and the plaintiff filed a first amended complaint, against which the defendant moved. This motion has never been disposed of, and after it was made, the plaintiff served and filed a second amended complaint. The defendant at no time moved against, demurred to or answered this last complaint. About two months after its service, plaintiff, without notice to defendant, asked for a default, which, upon showing made, was granted. This was on June 29, 1918. Almost a year thereafter judgment was taken against the appellant without any further notice having been given it. At about the same time appellant served its demurrer to the original complaint, its attorneys also served the respondent with a notice of general appearance and requested that a copy of all pleadings, motions and demurrers be thereafter served upon them.

After this appearance, the respondent was not entitled to default the appellant without having first served notice of its intention so to do. Neither was respondent entitled to a default without previous notice thereof, under § 241, Rem. Comp. Stat. [P. C. § 8451], which provides that after appearance a defendant is entitled to notice of all subsequent proceedings. Besides this, a default judgment without previous notice would be in violation of rule 4 adopted by the superior courts of this state, which provides that no default will be granted against a party who has appeared in the action by attorney, until the motion therefor has been served.

From this showing of facts we are required to hold that the order of default and judgment by default were improperly made and should be set aside: *Molloy v.*

*Union Transfer, Moving & Storage Co.,* 60 Wash. 331, 111 Pac. 160; *Richman v. Wenaha Co.,* 74 Wash. 370, 133 Pac. 467.

The judgment is reversed, and the cause remanded with directions to grant appellant's motion to vacate the order of default and the judgment.

TOLMAN, C. J., PARKER, ASKREN, and MAIN, JJ., concur.