[No. 21236.    Department Two.    May 31, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Roy Francis Nelms et al., Plaintiffs,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY *et al., Respondents.*[1]

[1] ADOPTION (9)—JUDGMENTS (117)—MERITORIOUS DEFENSE—PRO-CEEDINGS—DETERMINATION OF MERITS WITHOUT TRIAL THEREOF. In proceedings to set aside an adoption, on the ground of concealment and fraud practiced upon the court, admitted by the adoptive parents, the court should not award the custody to the natural parents without trying out the whole controversy on the merits and determining the right to adopt in view of the welfare of the child; Rem. Comp. Stat., §§ 468-470, relating to vacation of judgments, contemplating that the matter of vacation be determined before deciding the validity of the defense or cause of action.

[2] ADOPTION (9)—SETTING ASIDE—TRIAL OF MERITS. Where the evidence is not brought up, and the memorandum decision tends to show that the merits of an adoption controversy were not determined upon vacating the order of adoption, the court will be prohibited from enforcing a judgment awarding the custody of the child until issues on the right to adopt are made up and tried out.

Application filed in the supreme court April 7, 1928, for a writ of prohibition to the superior court for Spokane county, Huneke, J., to restrain the entry of judgment setting aside adoption proceedings. Granted.

*E. O. Connor* and *Kimball & Blake,* for relators.

*Danson, Lowe & Danson,* for respondents.

ASKREN, J.—This case arises upon an application for a writ of prohibition to prevent the superior court for Spokane county from entering its judgment transferring possession of a minor child from its foster parents to its admitted mother and claimed father.

The facts necessary to an understanding and proper disposal of the purely legal questions involved are as

[1]Reported in 267 Pac. 775.

follows: In 1919, Bertyne Oliver became the mother
of the minor child here in controversy. Immediately
upon its birth, she gave possession of it to the relators
Nelms, who have continuously since that time raised
the child as their own. On January 11, 1928, they
petitioned the court for an order adopting him as their
son. A hearing was had and evidence was offered
that the mother had given her written consent to the
adoption at the time possession was delivered in 1919;
that she abandoned the child; that it was born out of
wedlock; that the Nelms were proper persons to adopt
the child, and that they had given him a good home.
The order was therefore entered.

A little later in the same month, the child's mother
and her husband filed a petition to vacate the order
of adoption. They alleged that the order was secured
by fraud, that the mother never had given her consent
to the adoption; had never abandoned the child; that
the father's consent had never been given, and that
they had contributed to the upkeep of the child.

The petition was answered by the Nelms, and it
denied the material allegations which we have just
detailed, and set out affirmatively a re-statement of
the facts given before the court at the time of the
adoption, to wit: the written consent of the mother;
its abandonment; their care, and finally its adoption,
and prayed for a dismissal of the petition to vacate.

The cause coming on for hearing on the petition to
vacate the order of adoption before a judge other than
the one who heard the adoption matter, the court
entered a memorandum decision, finding that the order
of adoption should be vacated because of conceal-
ment of facts from the court at the time of the adop-
tion. It further held that it would enter its order
directing that the child be immediately given to the

natural parents, who live in South Dakota, the court having found as a fact that the mother had married Albert Birkland three months after the child's birth, and that he was its father.

Application was then made to this court for a writ of prohibition.

[1] The relators make no complaint of the finding of the court that the order of adoption should be set aside because of concealment of facts from the court at the time of the adoption, admitting that it had a right so to find under the evidence and that no appeal lies therefrom. But they do complain that the court has disposed of the custody of the child without a full and complete hearing thereon being had as provided by law. They argue that the court will exceed its jurisdiction, if it disposes of the question of the custody of the child, since the power exercised by a court on a motion to set aside a judgment under our statute is not one that covers the whole controversy in question, but is limited to the determination of two questions: First, should the order be set aside because of fraud or concealment; and second, have the petitioners a substantial defense to the action?

A reference to the statutes will be helpful in determining the matter. Section 464, Rem. Comp. Stat. [P. C. § 8130], permits the vacation of orders or judgments for many reasons, among them being:

"4. For fraud practiced by the successful party in obtaining the judgment or order; . . ."

The proceedings in such an action are found in §§ 468, 469 and 470, Rem. Comp. Stat. [P. C. §§ 8134, 8137, 8138]. They are as follows:

"§ 468. In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same prin-

ciples, and issues made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried.

"§ 469. The judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action; and when judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.

"§ 470. The court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

These statutes have been construed on many occasions. We think the proper construction of the statute is that, on such a hearing, the court does not determine the merits of the controversy, but merely whether there is a substantial defense offered, and that the following cases show the trend of our opinion: *Brandt v. Little,* 47 Wash. 194, 91 Pac. 765; *Williams v. Breen,* 25 Wash. 666, 66 Pac. 103; *Brewer v. Howard,* 59 Wash. 580, 110 Pac. 384; *Molloy v. Union Transfer etc. Co.,* 60 Wash. 331, 111 Pac. 160; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158; *Harju v. Anderson,* 125 Wash. 161, 215 Pac. 327.

In the earliest of the cases just cited, *Williams v. Breen, supra,* we observed:

"The statute provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment is rendered. In the case before us the trial court made the necessary adjustment; but it is said this could only be done after a trial of the defense upon its merits, and that here there was no such trial. But

the statute cannot mean that the court must hear the entire cause, and grant the petition only when it appears that the evidence preponderates in favor of the applicant. The weight and sufficiency of evidence in this form of action are questions for a jury. It is sufficient to determine the question here presented, that the court finds that the facts alleged constitute a defense to the cause of action stated in the complaint, and that there is substantial evidence to support the allegations.''

This view is apparently confirmed in *Brewer v. Howard, supra,* where a defendant sought to vacate a judgment in tax foreclosure. After finding that the petitioner had shown sufficient cause for vacating the judgment, we ordered that the court allow the petitioner to appear and defend the foreclosure proceedings.

Again, in *Molloy v. Union Transfer etc. Co., supra,* the trial court after finding that the judgment moved against should be vacated and set aside, proceeded to dismiss the action. Upon appeal, we affirmed the court's order in vacating the judgment, but denied its right to dismiss the action, saying:

''The order vacating the judgment left the cause open and pending, and if no service had been obtained, it was the privilege as well as the right of the plaintiff to perfect the service or make a new service as the necessities of the case demanded.''

This court finding, in the case of *Chehalis Coal Co. v. Laisure, supra,* that the judgment was irregular, we remanded the case with instructions to the trial court

''. . . to take such competent proof as may be offered in support of the matters of defense set forth in the complaint, and thereon determine whether respondent has substantial evidence to sustain the matters alleged in defense to the original action. If that question be determined in the affirmative, the judgment should be vacated, with leave to both parties to

make up the issues for trial; but if determined in the negative, the original judgment should stand.''

[2] It seems to be contended by respondents that the whole controversy was actually determined by the court and that it is useless to send the case back for retrial on the issues created by the petition for adoption. But we are unable to definitely determine that the parties submitted the whole issue to the court. The evidence has not been brought before us, and counsel for the parties are diametrically opposed in their view of it. The return of the court indicates that perhaps the whole matter was submitted, yet its memorandum decision contains much that negatives that suggestion. The first paragraph of the decision reads as follows:

''Throughout this entire consideration it is necessary to bear clearly in mind that this is *not* an adoption proceeding. If it were an adoption proceeding, then the relative services rendered to little Jack by the parents and foster parents might properly be considered; and so, likewise, the love that the parties bore to Jack; the respective merits of their homes; which home would offer Jack the better advantages; which set of parents had the superior claim to the possession and care of little Jack, and other considerations of like character. But since this is *not* an adoption proceeding none of the matters suggested have any materiality. All such questions should have been presented at the adoption hearing.''

We think it better, in view of the fact that the welfare of a minor child is at stake and the circumstances shown by the record so conflicting, to hold that the whole issue was not submitted, and that the court was justified in determining the matter only in the statutory way outlined.

Much stress has been laid by counsel for respondents on the general rule that courts of equity have very broad, general and almost unlimited powers when

the welfare of a minor child is in question, and that, since all the parties were before the court and the court had jurisdiction we should not interfere except on appeal. Whatever our view might be as to the general powers of the court to dispose of the whole issue on the hearing which was had, we are not inclined to accept the view that such a power was exercised, in the face of the conflicting record. That the parties who have cared for this child since its birth and the child who knows no other parents are both entitled to have the whole matter placed before the court upon issues properly joined, there can be but little dispute, and the court should permit the issues to be made up and try out the matter of adoption.

The writ will issue prohibiting the court, prior to the determination of the adoption matter, from making any permanent disposition of the child.

FULLERTON, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.