## McKINLAY v. PUGET SOUND BRIDGE & DREDGING CO.

### No. 20818.

District Court, W. D. Washington, N. D.

Nov. 4, 1933.

Rehearing Denied Feb. 19, 1934.

Preston, Thorgrimson & Turner, of Seattle, Wash., for plaintiff.

Roberts, Skeel & Holman, of Seattle, Wash., for defendant.

CUSHMAN, District Judge.

Plaintiff moves to remand on the ground that the petition and bond for removal were not served or filed within the time required by the statute of the state of Washington or rules of its courts for the defendant to answer to the complaint of the plaintiff.

The summons and complaint were served on the 30th day of June, 1933.

In so far as material to the present question, civil actions in the state of Washington are commenced by the service of the summons (Remington's Revised Statutes of Washington, § 220), which summons is directed to the defendant, requiring him to answer the complaint within 20 days after the service of the summons, exclusive of the day of service (Remington's Revised Statutes of Washington, § 221).

28 USCA § 72 provides that any party entitled to remove any suit (with an exception not now material) may file a petition in the state court at any time before the defendant is required by the laws of the state or the rules of the state court in which such suit is brought to *answer or plead* to the declaration or complaint of the plaintiff.

The petition for removal was served and filed August 12, 1933, on the forty-third day after the service of the summons and complaint.

It appears that on July 17, 1933, that is, on the seventeenth day after service of summons, defendant, through its attorneys, served its appearance upon the attorneys for the plaintiff.

Section 411 of Remington's Revised Statutes of Washington provides that:

"Judgment may be had if the defendant fail to answer to the complaint, as follows: — * * *

"If the defendant give notice of appearance in the action before the expiration of the time for answering, he shall be entitled to five days' notice of the time and place of application to the court for the relief demanded in the complaint. * * * *"

Rule IV of the Rules of the Superior Courts in the State of Washington provides: "A party may respond to any pleading *at any time before a default is claimed*. A default shall be deemed claimed whenever a motion therefor is filed, accompanied with the affidavit of the party or his attorney, claiming such default, that no appearance has been made in the action; but will not be granted against a party who has appeared in the action by attorney, until the motion has been served." (Italics now supplied.)

There is no showing in the present record that a default was ever claimed in the state court.

The motion to remand will be denied. Hofto v. National Casualty Co., 135 Wash. 313, 237 P. 726.

The clerk will notify the attorneys for the parties herein of the foregoing decision.