[No. 23-40172-1.   Division One.   December 1, 1969.]
Panel 2

WILLIAM MUELLER, *Appellant,* v. GREGORY J. GARSKE *et al., Respondents.*

*Whitmore, Powers, Manion & Ishikawa* and *Howard T. Manion,* for appellant.

*Monheimer, Schermer, Van Fredenberg & Smith* and *Donald G. Cohan,* for respondents.

STAFFORD, J.—The King County Superior Court quashed an order which directed respondents Gregory Garske and wife (hereinafter called Garske) to appear for examination

in a supplemental proceeding. William Mueller, the creditor, appeals.

On August 24, 1962, Mueller commenced an action in Snohomish County for an accounting of partnership assets, Neither fraud nor the wrongful withholding of funds were alleged. Garske filed a general denial on September 24, 1962. On August 13, 1963, he also filed a petition in bankruptcy which listed Mueller as a creditor.

Garske failed to attend the trial. Mueller's attorney prepared and presented findings of fact, conclusions of law and a judgment which were entered September 4, 1963. Garske was treated as a defaulting party and was not given notice of presentment. The preamble of the findings of fact recited:

[T]he defendant *failing to appear* their *default* was regularly taken in open court, . . .

(Italics ours.) The judgment provided:

the defendant *failing to appear in person, by his attorney of record or otherwise,* . . .
. . . [T]he plaintiff is entitled to . . . judgment against the defendant, for funds and assets *wrongfully and fraudulently withheld* . . .

(Italics ours.)

The judgment based on wrongful and fraudulent withholding of assets avoided the effect of Garske's subsequent discharge in bankruptcy. 11 U.S.C. § 32. Had the judgment been based on a partnership accounting, as alleged and prayed for in the complaint, the bankruptcy discharge would have barred its enforcement.

In August of 1964, Garske moved to vacate the judgment, alleging that he had received no notice of the trial date, and that he had been discharged in bankruptcy. The motion was denied September 2, 1964. No reasons were given. It is clear, however, that "lack of jurisdiction" was neither raised nor passed upon by the Snohomish County trial court.

In April of 1967, Mueller sought to enforce the Snohomish County judgment in King County by means of an

"Order in Supplemental Proceedings." Garske moved to quash the order contending, in effect, that it was based upon a default judgment that was void because it exceeded the relief claimed in the complaint. The motion to quash was granted by the King County trial court.

Contrary to the position taken by Mueller in the original findings of fact, conclusions of law and judgment, he now contends that the case did *not* involve a default judgment. He argues that Garske's answer gave the Snohomish County trial court in personam jurisdiction, and thus the court did not act *without* jurisdiction, but merely in *excess* thereof.

Mueller urges that the judgment of a trial court rendered merely in *excess* of its jurisdiction is not subject to collateral attack. *State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965). He states that an attack on a judgment in a proceeding to enforce it is a collateral attack. *Williams v. Steamship Mut. Underwriting Ass'n,* 45 Wn.2d 209, 273 P.2d 803 (1954). Thus, he concludes, the judgment obtained in Snohomish County is not subject to collateral attack in the King County proceeding.

There is a major flaw in Mueller's argument. It assumes that the original action did not result in a default judgment.

In the original action Mueller was required to give Garske 5 days' notice of presentation and serve him with a copy of the proposed judgment, CR 54(f)(2), unless Garske had defaulted. *Hofto v. National Cas. Co.,* 135 Wash. 313, 237 P. 726 (1925); RCW 4.28.210 (formerly cited in *Hofto* as Rem. Comp. Stat., § 241). His failure to furnish such a notice was consistent with the original position that he *was* entitled to a default judgment. It was also consonant with the recital of "default" contained in the preamble of his findings of fact. In short, until faced with the motion to quash, Mueller continually treated the judgment as having been taken by "default."

Mueller took what he originally denominated a "default" judgment and thereafter accepted its benefits. He

may not, at this late date, change his position. He is estopped to deny that the original judgment was taken by default.

A party is not permitted to maintain inconsistent positions in judicial proceedings. It is not as strictly a question of estoppel as it is a rule of procedure based on manifest justice and on a consideration of orderliness, regularity and expedition in litigation. 28 Am. Jur. 2d *Estoppel and Waiver* § 69 at 696 (1966). Our courts have recognized the wisdom of the rule by holding that a party may not assert a theory on appeal different from that presented on the trial level. *Matthias v. Lehn & Fink Prods. Corp.*, 70 Wn.2d 541, 424 P.2d 284 (1967). In *Markley v. Markley*, 31 Wn.2d 605, 198 P. 486 (1948), the court held that at both the trial and appellate levels, in this state, a party is estopped to assert a legal position different from that successfully relied upon by him in the trial court of another state. This rule, of course, should not be confused with the alternative statements of a claim authorized by CR 8 (e) (2).

■ Under the facts of this case, the trial court was *without jurisdiction* to enter a "default" judgment that exceeded the relief requested in the complaint. A defendant has a right to allow a default taken against him secure in the knowledge that the judgment will not exceed the demand of the complaint. *Sheldon v. Sheldon*, 47 Wn.2d 699, 289 P.2d 335 (1955); *State ex. rel. Adams v. Superior Court*, 36 Wn.2d 868, 220 P.2d 1081 (1950). Such judgment was *void* and was subject to attack at any time. *France v. Freeze*, 4 Wn.2d 120, 102 P.2d 687 (1940); *State ex rel. First Nat'l Bank v. Hastings*, 120 Wash. 283, 207 P. 23 (1922).

The order to quash is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.