[No. 20284.  Department One.  March 24, 1927.]

JOHN B. OLINGER et al., Appellants, v. WILLIAM D. LAN-
CASTER et al., Respondents.[1]

[1] DISMISSAL AND NONSUIT (2)—CONDITION OF CAUSE—FINAL AD-
JUDICATION. The plaintiff is not entitled to a voluntary nonsuit,
in a cause tried to the court, after the cause has been sub-
mitted and the court has announced its decision either orally
or in writing.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered August 19,
1925, upon denying plaintiffs' motion for a voluntary
nonsuit. Affirmed.

G. B. Holden, for appellants.

Rigg & Venables and Nat U. Brown, for respondents.

FRENCH, J.—There is but one question involved in
this case, i. e., at what time in the trial of a lawsuit
does the right of the plaintiff to a voluntary nonsuit
cease?

The plaintiffs were vendees in a conditional sales
contract and the defendants were the vendors.  The
complaint alleges that the plaintiffs elected to affirm
the contract, retain the property, perform all the cove-
nants of the agreement, and asked for damages.  The
defendants joined issue setting forth certain affirma-
tive defenses.  A jury was empaneled, the cause pro-
ceeded to trial, and the jury disagreed.  The defen-
dant thereafter moved to dismiss the case upon its
merits, and the trial judge, after taking the matter
under advisement, filed a memorandum opinion in writ-
ing announcing that the case was triable to the court,
and directing its dismissal upon the merits.  There-

[1]Reported in 254 Pac. 452.

after counsel for plaintiffs moved for a voluntary non-suit, which was denied by the trial court on the ground that the motion was not timely.

[1]  The only assignment of error was the refusal of the trial court to grant the voluntary nonsuit. No statement of facts was certified, filed or served.

In the absence of a statement of facts showing what transpired at the time of the trial, we must assume that the jury in this case was called in an advisory capacity only, and that the case was one triable to the court.

Voluntary nonsuits by plaintiffs, and at what stage of the proceeding the right has ceased, are questions which have been fully covered by this court in the case of *Kosinski v. Hines,* 110 Wash. 25, 187 Pac. 712. In that case, the early decisions of this court are carefully reviewed and there are many citations of authority from various courts and text-writers. The rule there announced is that a voluntary nonsuit cannot be taken after the court has announced its decision. We do not mean by this that a final judgment must have been entered, or that any formal order must have been signed, but after the matter has been submitted to the court for determination and the court has, either orally or in writing, stated its decision, the application for a voluntary nonsuit is too late.

The judgment is therefore affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.