[No. 23154.   Department One.   June 30, 1931.]

GERMAN MEXICAN COMPANY, *Appellant,* v. MEXICAN PACIFIC COMPANY *et al., Respondents.*[1]

[1]Reported in 1 P. (2d) 296.

*Carl T. Travis* and *Edward R. Taylor,* for appellant.
*Kerr & McCord,* for respondents.

MITCHELL, J.—The German Mexican Company, a corporation, brought this action against defendants Mexican Pacific Company, a corporation, Moritz Thomsen, Chas. M. Thomsen, George Milburn, E. S. McCord, and Moritz Thomsen Investment Company, a corporation, to recover damages for the loss of profits alleged to have been sustained because of the failure of the defendants to carry out an alleged contract with the plaintiff for the sale by them to it of certain real and personal property (the legal title of record to which stood in the name of the Mexican Pacific Company, a corporation), situate in the republic of Mexico, which was to be paid for by the plaintiff on the installment plan, and which contract further provided that the plaintiff, as agent, should have the right to subdivide the lands and to sell and convey them, applying the proceeds on its obligation to the defendants. The written contract, which, it was alleged, had been broken, was set out and made a part of the complaint.

General demurrers, separately filed by the defendants to the complaint, were sustained. Plaintiff filed an amended complaint, to which the defendants separately filed motions to strike the amended complaint as being inconsistent with the original complaint, and also filed demurrers to the amended complaint. Upon the hearing of the motions and demurrers, affidavits of the respective parties were filed and considered therewith, whereupon the court made findings, one of which was

" . . . a further finding that the amended complaint is wholly different from and inconsistent with

the original complaint, and from a consideration of the pleadings, motions, affidavits, statements and admissions that a further amendment would be futile, and finding that there should be a determination of the litigation and exercising discretion,''

and it was ordered that the demurrers be sustained, and that the motions to strike the amended complaint, on the ground that it was wholly different from and inconsistent with the original complaint, be granted, and it was further ordered that the action be dismissed. At the same time, and as a part of the same hearing, another order was entered denying the plaintiff's motion for leave to file a second amended complaint, for the same reasons and objections as those given in the order against the first amended complaint, reciting in the order

'' . . . that the proposed second amended complaint affirmatively shows that the contract therein alleged is not a written contract executed by the defendants, except Mexican Pacific Company, and that the second amended complaint sets up a contract inconsistent with and different in form and substance from the contract alleged in the original complaint, and attached as Exhibit 'A' thereto, and fails to show a compliance with the conditions precedent contained in the contract attached as Exhibit 'A'.''

The plaintiff has appealed from the final order dismissing the action.

There is no argument or contention on the appeal that the original complaint stated a cause of action. The assignments of error are: (1) That the court erred in granting the motions to strike the amended complaint; (2) that the court erred in sustaining demurrers to the amended complaint; (3) that the court erred in denying the motion for leave to file a second amended complaint; and (4) that the court erred in

denying appellant's motion to dismiss its action without prejudice.

The original complaint, together with the written contract, a copy of which was attached to and made a part of the complaint, are entirely too voluminous to be set out herein or referred to, except in a general way. It appears that the Mexican Pacific Company was the holder of the legal title to three tracts of land containing approximately 322,500 acres situate in Mexico, together with certain concessions or grants by that Republic for the construction and operation of three railroads and a wharf, and that the other defendants were at least part owners of the beneficial interest in and to the property. It appears that the Mexican Pacific Company was in a bad way financially, to remedy which the plan suggested by the written agreement involved in this action was attempted.

The agreement was made and entered into under date of August 20, 1929,

". . . between Mexican Pacific Company, a Washington corporation, the party of the first part, German Mexican Company, a Washington corporation, the party of the second part, the persons, individuals and corporations who were bondholders and creditors of the Mexican Pacific Company on the 5th day of November, 1918, and who execute this agreement, the parties of the third part, and the stockholders of the Mexican Pacific Company, who execute this agreement, the parties of the fourth part."

Among other things, it says that the Mexican Pacific Company holds the naked legal title to the properties in trust for the benefit of the beneficial owners, namely, the parties of the third part. Also, by its terms the parties of the third part were to assign and convey to the Mexican Pacific Company all of their beneficial interest in the properties upon the payment by the German Mexican Company to the Mexican Pacific Com-

pany, in trust for the benefit of the parties of the third part, the sum of one million dollars, which was to be distributed to those entitled thereto according to a schedule set out in the contract, first, to cover certain expenses and, thereafter, to certain' bond holders, creditors and parties beneficially interested.

Another provision of the contract was as follows:

"It is agreed between the parties hereto that this instrument shall become binding upon the parties upon the delivery to the Pacific National Bank of Seattle of at least fifty-one per cent of the capital stock of the Mexican Pacific Company represented by certificates properly endorsed in blank and when approved by the parties of the third part but all stockholders of the Mexican Pacific Company signing this instrument agree to endorse in blank all certificates of stock owned by them and to cause the same to be deposited in the Pacific National Bank of Seattle to be held and disposed of as provided in this instrument."

Then follows a provision for the sale of parcels of the real estate by the German Mexican Company as agent for the Mexican Pacific Company, if such sales could be made without jeopardizing the title to the property so far as the Mexican government was concerned. Under the terms of the contract, the German Mexican Company agrees to supply funds necessary to pay the one million dollars on or before five years according to a schedule given, a portion of which amount was to be paid each year. There are a great many provisions in the contract, not all of which are important for the purposes of this case. The contract was signed by only the German Mexican Company and the Mexican Pacific Company.

The original complaint alleged that the defendants, other than the Mexican Pacific Company, were creditors of that corporation, that they owned more than fifty-one per cent of its bonds, more than fifty-one per

cent of its outstanding capital stock and that, while they had not signed the contract, or offer, as the appellant speaks of the written instrument, nor accepted it as required in the manner provided by its terms, nevertheless, as appellant says in its brief of the allegations of the complaint, they

" . . . accepted the offer in a manner different from the method contained in the offer, and that the acceptance in the manner in which it was done was equivalent to the mode of acceptance as provided in the written offer."

The complaint also alleged that the defendants have consistently refused to perform their part of the contract, and that, as a necessary result, plaintiff has and will sustain a loss of profits to its damage in the sum of two million dollars.

The complaint was demurrable, among other reasons, because it affirmatively showed that the contract was to be signed by all parties, which was not done. Also, because fifty-one per cent of the capital stock of the Mexican Pacific Company, or any other portion of it, was not delivered to the Pacific National Bank of Seattle, or elsewhere, to be held and disposed of as provided in the instrument, mentioned therein as a condition precedent to the effectiveness of any agreement.

And again, the contract was indivisible, involving real property and the future delivery of capital stock of a corporation, and did not comply with the statute of frauds in that it was not signed by the necessary parties, nor was there any part performance to remove the bar of the statute of frauds. *Godefroy v. Hupp,* 93 Wash. 371, 160 Pac. 1056; *Eriksen v. Manufacturers Distributing Co.,* 103 Wash. 159, 173 Pac. 1095; *Peterson v. Nichols,* 110 Wash. 288, 188 Pac.

498; *White v. Panama Lumber & Shingle Co.,* 129 Wash. 189, 224 Pac. 563.

As to the amended complaint, the appellant admits that it proceeds upon a decidedly different theory from the original complaint. Upon its being tested in trial court on respondents' motions to strike it because it was inconsistent with the original complaint, sham, frivolous, and not made in good faith, and also, tested by demurrers, a number of affidavits and counter affidavits were filed, containing allegations of fact with respect to the allegations of the amended complaint and which, upon request of counsel, were considered by the court in disposing of the motions and demurrers. These affidavits, together with certain statements and admissions of the parties at the hearing, were, upon request of the appellant, settled and certified by the trial court as a bill of exceptions, and were made a part of the record. Therefrom, together with the allegations of the amended complaint, it appears that the appellant has now omitted many very material facts which were contained in the original pleading. In one of the affidavits on behalf of the appellant, it is asserted that, except as to construction and theory, the agreement set out in the amended complaint is the same as that set out in the original complaint, for the breach of which the suit is brought.

The trial court was not so convinced, nor are we, for it is noticeable that in the original complaint the whole of the purported written contract was set out, while in the amended complaint only very limited portions of it are set out, with the pleader's conclusions as to the effect of a few other portions of the contract, from all of which it is manifest, as argued on behalf of the respondents, that the amended complaint entirely omits reference to some fourteen provisions of the written instrument, several of which are exceedingly important

in considering and disposing of the motions and demurrers directed against the amended complaint.

Because of the length of the pleading, the affidavits, and the admissions of the parties by their attorneys, it is needless to attempt to set them out. Suffice it to say that, upon due consideration of the whole record in this respect, we are satisfied that the motions to strike the amended complaint were properly granted for the reasons stated by the trial court, hereinbefore mentioned. Moreover, the demurrers to the amended complaint were properly sustained because the amended complaint on its face, together with the affidavits and admissions considered with it, did not overcome the deficiencies found in the original complaint under the general demurrer which we have already mentioned.

The third assignment that the court erred in denying appellant's motion for leave to file its proposed second amended complaint is without substantial merit. It differed from the first amended complaint in only two minor particulars—a slight change in the description of one tract of the land involved, and another in the allegation with respect to damages.

At the final hearing, after and in accordance with the oral decisions of the trial court, counsel for the respondents presented to the court a written order denying appellant leave to file a second amended complaint and other orders granting motions to strike and sustaining demurrers to the first amended complaint and dismissing the action. Thereupon, counsel for the appellant made an oral motion for a voluntary dismissal of its action. The motion was denied, upon which ruling the appellant makes an assignment of error and, in presenting it, cites and relies on *Kosinski v. Hines,* 110 Wash. 25, 187 Pac. 712. But the rule applicable

290

here was stated in *Olinger v. Lancaster,* 143 Wash. 20, 254 Pac. 452, where, in speaking of the case of *Kosinski v. Hines,* we said:

"The rule there announced is that a voluntary nonsuit cannot be taken after the court has announced its decision. We do not mean by this that a final judgment must have been entered, or that any formal order must have been signed, but after the matter has been submitted to the court for determination and the court has, either orally or in writing, stated its decision, the application for a voluntary nonsuit is too late."

Affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.

