[No. 26050. Department Two. March 31, 1936.]

JOHN D. REAGH et al., *Respondents,* v. MINNIE WOOD SCHALKENBACH et al., *Defendants,* MOLLIE PEIRCE MOLLER, *Appellant.*[1]

[1]Reported in 56 P. (2d) 673.

*James G. Mulroy,* for appellant.

*Matthew Stafford, Philip D. Macbride,* and *George W. Williams,* for respondents.

MAIN, J.—This is an appeal from a judgment dismissing an amended petition, which will be referred to as the petition, in the above entitled action after a demurrer to the petition had been sustained and the petitioner declined to plead further.

The question presented upon the appeal is whether, under the facts stated in the petition, the petitioner, the appellant Mollie Peirce Moller, is entitled to any relief.

July 4, 1926, Charles Schalkenbach died, leaving a will in which two trusts were provided for. The will was admitted to probate, and November 21, 1930, the estate was distributed to the trustees named in the will. April 30, 1931, the trustees brought an action for the purpose of having the will construed, and April 22, 1932, a judgment was entered to the effect that the trust provided in the will for establishing a boys' home was valid, but that the other trust was invalid. Minnie Wood Schalkenbach, the widow of Charles Schalkenbach, deceased, was a party to that proceeding. From the judgment entered, no appeal was taken.

December 25, 1932, Mrs. Schalkenbach died, leaving a will, which in due time was admitted to probate.

In 1933, the trustees named in Mr. Schalkenbach's will brought an action to enforce an agreement which he and Mrs. Schalkenbach made June 23, 1926. This agreement was executed having for its purpose a disposition of all the community property of the parties. In connection with the agreement, wills were executed, one by Mr. Schalkenbach and the other by Mrs. Schalkenbach. The will of Mrs. Schalkenbach which was

admitted to probate after her death was not the will which she executed pursuant to the agreement with her husband, and made a different disposition of her half of the community property.

Mollie Peirce Moller, the appellant, who was a beneficiary under the probated will of Mrs. Schalkenbach, was made a party to that proceeding, and, by cross-complaint, sought to have the trust for a boys' home, provided for in the will of Mr. Schalkenbach, declared invalid. The trustees named in Mr. Schalkenbach's will pleaded the judgment in the action brought to have the will construed, to which reference is above made as *res judicata*. The trial resulted in a judgment denying the trustees any relief and denying Mollie Peirce Moller any relief upon her cross-complaint. From this judgment the trustees appealed and Mollie Peirce Moller cross-appealed, and the judgment upon both appeals was affirmed. *Reagh v. Dickey*, 183 Wash. 564, 48 P. (2d) 941.

The petition in the proceeding now before us, in which it is again sought to have the trust for the boys' home declared invalid, is apparently based upon certain language in the opinion of this court when the action last referred to, and in which Mollie Peirce Moller was a cross-appellant, was decided. The language in the opinion upon which the appellant relies must give way to the ultimate holding of the court, which is represented by the affirmance of the judgment. As between language in the opinion and the judgment entered and approved on appeal, the judgment necessarily controls.

The affirmance of the judgment in which the trial court disallowed any relief upon the appellant's cross-complaint necessarily was an adjudication that the trust for the boys' home was valid. The judgment adjudicating the validity of the trust in the action

530

brought by the trustees for the construction of the will was binding upon the appellant Mollie Peirce Moller, because her rights could be no greater than those of Mrs. Schalkenbach, who was a party to that proceeding and under whom the appellant claims.

The judgment will be affirmed.

MILLARD, C. J., BEALS, BLAKE, and HOLCOMB, JJ., concur.

