[No. 26375.   Department Two.   March 17, 1937.]

NIELS A. HANSEN *et al., Appellants,* v. BANK OF CALI-
FORNIA, NATIONAL ASSOCIATION, *Respondent.*[1]

*Niels A. Hansen, pro se.*

*Kerr, McCord & Carey,* for respondent.

TOLMAN, J.—This appeal is prosecuted by the plain-
tiffs from an order striking their third amended com-
plaint and dismissing the action, after demurrers had
been sustained, in due course, to the original complaint,
to an amended complaint, and to a second amended
complaint.

The order appealed from contains the following
recitations as the basis for a judgment of dismissal:

"It appearing to the court that the previous com-
plaints filed herein contain references to other causes
which demonstrate that the subject matter of the pres-
ent action is *res judicata,* and that it is sham and
frivolous to file a third amended complaint without
reference to those previous actions, since it appears
that such omission was made for the purpose of avoid-
ing the question of *res judicata* on demurrer, and that

[1]Reported in 66 P. (2d) 303.

therefore the present third amended complaint should be stricken and the action be dismissed, . . ."

A careful consideration of the transcript filed by the appellants and of the supplemental transcript filed by the respondent, which together, apparently, bring to us everything which was before the trial court, establish beyond question that the recitations above quoted, correctly and sufficiently, for present purposes, reflect the nature and conditions of the record.

Three complaints were successively filed, each of which attempted to plead a cause of action which, as appeared from the complaint, had been previously adjudicated. To each of these complaints, in turn, a demurrer had been sustained. Then, in their third amended complaint, the plaintiffs ignored all of their previous allegations which identified the cause of action pleaded with the cause of action which had been adjudicated; and seemingly they now contend that, as they have ignored the previously pleaded facts, the court is bound to close its eyes to the record which clearly reveals those facts.

The case of *German Mexican Co. v. Mexican Pacific Co.,* 163 Wash. 282, 1 P. (2d) 296, is controlling here. In that case, the original complaint pleaded a written contract, the terms of which, considered together, apparently defeated the cause of action which was asserted. A demurrer was sustained to the complaint. Thereafter, an amended complaint was filed which pleaded only certain favorable parts of the written contract and ignored the unfavorable portions which had appeared when the whole contract was pleaded in the original complaint. The trial court, on motion, struck the amended complaint as being inconsistent with the original complaint, refused leave to amend, and dis-missed the action. This ruling, we upheld.

There is no particular legal difference between the

term "inconsistent" and the term "sham and frivolous." Whether an amended pleading be "inconsistent" or be "sham and frivolous," upon attack it must fall.

To ignore, in an amended pleading, parts of the written contract which was set forth in full in the original complaint, is no more serious or reprehensible than to ignore a former adjudication which had been previously and repeatedly pleaded in the cause. One is as inconsistent as the other, and each may properly be designated as "sham and frivolous."

The judgment of the trial court is affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and ROBINSON, JJ., concur.