[No. 26516.   Department One.   September 23, 1937.]

JOHN D. REAGH *et al., Respondents,* v. MINNIE WOOD SCHALKENBACH *et al., Defendants,* MOLLIE PEIRCE MOLLER, *Appellant.*[1]

*James G. Mulroy,* for appellant.
*Matthew Stafford,* for respondents.

GERAGHTY, J.—This is an appeal from the denial by the superior court of a motion made by the appellant, Mollie Peirce Moller, for an order requiring the respondents, plaintiffs below, to serve upon her notice in writing of any trial, hearing, motion, application, sale, or proceeding in the cause.

The matters giving rise to this controversy have been before us on two former appeals, *Reagh v. Dickey,* 183 Wash. 564, 48 P. (2d) 941, and *Reagh v. Schalkenbach,* 185 Wash. 527, 56 P. (2d) 673.

On the last cited appeal, a judgment of the lower court was affirmed which dismissed the petition of appellant, Mollie Peirce Moller, to have a certain trust

'Reported in 71 P. (2d) 570.

declared invalid. Subsequently, she applied to the superior court for the order, the denial of which gives rise to this appeal.

It is the contention of the appellant that, under the provisions of Rem. Rev. Stat., §§ 241 and 242 [P. C. §§ 8451, 8481], she is entitled to the mandatory order sought by her motion.

Section 241 provides:

".  .  . After appearance a defendant is entitled to notice of all subsequent proceedings;  .  . ."

And § 242 provides:

"When a party to an action has appeared in the same, he shall be entitled to at least three days' notice of any trial, hearing, motion, application, sale or proceeding therein; which notice shall be in writing specifying the time and place where the same will be had or made, and which shall be served on him or his attorney,  .  . ."

■ We take it that the sanction for the enforcement of these provisions is not a mandatory order of the court, but the consequences resulting from the failure of the moving party to give the notice or serve the papers as required. The single case cited by appellant, *Molloy v. Union, etc. Co.,* 60 Wash. 331, 111 Pac. 160, illustrates this. Referring to the cited sections, the court there says:

"This right remains with a defendant who has appeared, until upon motion and notice an order of default had been properly claimed against him."

In that case, a judgment irregularly entered without proof of service of any notice was set aside. ·

■ We also are of the opinion that the trial court properly denied the motion for the further reason that, after entry of judgment dismissing the appellant's

petition, there was no pending proceeding calling for the court's intervention.

The order of the trial court is affirmed.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.