[No. 26973. Department Two. April 20, 1938.]

JOHN D. REAGH *et al., Respondents,* v. GEORGE W. HAMILTON, *as Attorney General, et al., Appellants.*[1]

[1]Reported in 78 P. (2d) 555.

*The Attorney General* and *L. C. Brodbeck, Assistant,* for appellant Hamilton.

*James G. Mulroy,* for appellant Moller.

*Matthew Stafford,* for respondents.

BLAKE, J.—This appeal presents a third attempt to defeat a trust set up in the will of Charles Schalkenbach to establish "a home for orphaned or abandoned

working boys." See *Reagh v. Dickey,* 183 Wash. 564, 48 P. (2d) 941; *Reagh v. Schalkenbach,* 185 Wash. 527, 56 P. (2d) 673. While a complete history of the will and previous litigation to which it has been subjected may be found in the cases cited, we shall briefly recapitulate the main events.

In 1926, Charles Schalkenbach and his wife, Minnie Wood Schalkenbach, entered into an agreement to execute identic wills providing for, and devoting their entire community estate to, two alternative trusts—one for the establishment of a "municipally owned bank;" the other for the establishment of a home for orphaned or abandoned working boys.

Charles Schalkenbach died shortly after executing his will. On petition of his executors, who were also named as trustees, the will was admitted to probate in the superior court of King county. At the conclusion of the administration, the court entered its decree distributing Mrs. Schalkenbach's interest in the community estate to her, and Mr. Schalkenbach's to the trustees named in his will. The decree, however, provided: "No adjudication is herein intended to be made concerning the validity of either of said trusts."

Thereafter, the trustees brought an action in the superior court of King county, to which Mrs. Schalkenbach was a party, seeking an adjudication as to the validity of the trusts provided for in the will. In that case, the court held the provisions of the will providing for a municipal bank invalid, but sustained the validity of the trust providing for a home for orphaned and abandoned boys. A decree, from which no appeal was taken, was accordingly entered.

Subsequently, Mrs. Schalkenbach died, leaving a will by which she left her estate to certain relatives, among whom was a niece, Mollie Peirce Moller, one of the appellants in the case at bar. Her will having

been admitted to probate in the superior court of King county, the trustees under the will of Charles Schalkenbach brought an action against the executors and devisees under Mrs. Schalkenbach's will, for specific performance of the agreement she made with her late husband. The devisees of Mrs. Schalkenbach filed a cross-complaint, seeking to set aside the trust created by the will of Charles Schalkenbach and to have the trust estate declared to be a part of the estate of Mrs. Schalkenbach. Upon the issues so presented, the court denied relief to both parties. In other, words, it at once sustained the will of Mrs. Schalkenbach devising her property to her relatives, and again upheld the trust for orphaned and abandoned boys provided for in the will of Mr. Schalkenbach. From the decree accordingly entered, Mollie Peirce Moller and the trustees under the will of Charles Schalkenbach appealed. This court affirmed. *Reagh v. Dickey, supra.*

After that decision of this court, Mollie Peirce Moller filed another petition in the superior court of King county, seeking to set aside the trust created by the will of Charles Schalkenbach. The court sustained a demurrer to her petition, and entered judgment of dismissal. This court affirmed. *Reagh v. Schalkenbach, supra.*

With this background in mind, we shall now discuss the issues raised in the case at bar. The trustees under the will of Charles Schalkenbach, desiring an adjudication in an adversary proceeding of certain of the provisions of the will, brought this action, in which the attorney general was named as defendant. The action was brought in King county, but was later transferred to Thurston county.

While the case was pending in King county, Mollie Peirce Moller made application for leave to intervene, which the court granted. She filed a complaint in

intervention, again attacking the validity of the trust for orphaned and abandoned boys. Former adjudication of the issue appearing on the face of her complaint, the court sustained a demurrer. Without leave of court, she filed an amended complaint in intervention, omitting reference to the former litigation. Upon motion of plaintiff, the court entered an order striking the amended complaint in intervention and dismissing the cause of action therein set forth, with prejudice. The intervener appealed from that order, which appeal is now pending in this court as cause No. 26842. Before that appeal was taken, however, plaintiffs had moved to strike from the order that portion dismissing the cause of action set up in the amended complaint.

In the meantime, the attorney general filed an answer to plaintiffs' petition. In his answer, the attorney general set up an affirmative defense challenging the validity of the trust created by the will of Charles Schalkenbach for orphaned and abandoned boys. Plaintiffs filed a reply to the affirmative defense.

With the issues thus made up, the cause went to trial. The court entered a decree dismissing with prejudice Mollie Peirce Moller's amended complaint in intervention, adjudicating again the validity of the trust, and construing the provisions of the will relating thereto which were brought to the attention of the court by the petition of the trustees. From this decree, the attorney general and Mollie Peirce Moller appeal.

We shall first dispose of the latter's appeal.

■ The court having sustained the demurrer to the complaint in intervention, for the reason that it appeared on the face of the pleading that the issue raised had been previously adjudicated, it was quite

proper to strike, as sham and frivolous, the amended complaint, which omitted the allegations showing former adjudication. *Hansen v. Bank of California,* 189 Wash. 454, 66 P. (2d) 303.

But, in dismissing the cause of action, the court entered a judgment from which it was necessary for the intervener to appeal, if she wished to preserve her right to a review. *Pelly v. Behneman,* 168 Wash. 465, 12 P. (2d) 422. Intervener therefore insists that, since she had appealed from that order, the trial court was without jurisdiction to again adjudge, in the decree on the merits, that her cause of action be dismissed with prejudice. If this contention is sustained, the consequence will be that the final decree is ineffective, in so far as it adjudges that the amended complaint in intervention be dismissed with prejudice. Since the judgment of dismissal contained in the order striking the amended complaint in intervention was prematurely entered, it would also follow that that judgment would have to be reversed on the appeal pending in cause No. 26842. *Pelly v. Behneman, supra.*

While these rules of practice and procedure are undoubtedly sound, we think that to apply them to the peculiar facts presented by this record would be to sacrifice substance to form. We think that the fundamental error committed with respect to intervener was in granting her leave to intervene. For it will be recalled that a court of original jurisdiction has three times adjudged valid the trust for orphaned and abandoned boys, created by the will of Charles Schalkenbach. Twice that court has adjudged that the intervener here has no right in the estate of Charles Schalkenbach, and twice we have held the trust valid and denied intervener's claims to the estate. *Reagh v. Dickey, supra; Reagh v. Schalkenbach, supra.* In view of this court's holding in those cases, we think the

order permitting Mollie Peirce Moller to intervene was improvidently entered. For, under those decisions she had no interest in the subject matter in litigation which entitled her to intervene in this action.

The principle applied in *Wilkes v. Davies*, 8 Wash. 112, 35 Pac. 611, 23 L. R. A. 103, is applicable here. In that case, it was held that a decision of this court is the law of the case in another action between the same parties upon the subject matter; and that, where the state of the pleadings is such that the plea of *res judicata* cannot be interposed, and there is no opportunity to raise the point on the introduction of evidence, the court will take judicial notice of the prior decision adjudicating the issue. The principle laid down in that case was effectually applied in *Reagh v. Schalkenbach, supra.*

Since under the previous holdings of this court (*Reagh v. Dickey, supra; Reagh v. Schalkenbach, supra*), Mollie Peirce Moller had no right to intervene in this action, she was not prejudiced by the errors of which she now complains.

On the attorney general's appeal, we think there are two questions which may be summarily disposed of. He contends that he is not a proper or necessary party to the suit. We have recently held that he is a proper party in an action to construe the provisions of a testamentary charitable trust. *Kenney Presbyterian Home v. State*, 174 Wash. 19, 24 P. (2d) 403.

The attorney general challenges the validity of the trust, on the ground that the provisions of the will creating the alternative trusts violate the rule against perpetuities. It is elementary that the validity of a charitable trust can be challenged only by one who may assert a substantial interest in the trust estate in the event the trust is declared invalid. 2

Bogert, Trusts and Trustees, § 417. The attorney general has no such interest in the estate. His function is to preserve, not to destroy, charitable trusts. *Kenney Presbyterian Home v. State, supra.*

As we have indicated, the trial court, in its decree, construed a number of provisions of the will relating to the trust. Of the specific portions of the decree, the attorney general questions only two: (1) that permitting the trustees to form a corporation to take over and manage the trust; and (2) that defining the scope of the provision of the will which designates the ages of boys who may be beneficiaries of the trust.

By the will, the management of the trust is committed to three individuals. In case of resignation or death of one of the trustees, the others were given power to fill the vacancy. Already two of the trustees (and a successor to one) named in the will have died or retired, and others have been chosen in their stead. It was the express intention of the testator to create a trust in perpetuity.

While courts, in construing the provisions of a charitable trust, ordinarily will not deviate from the plan outlined by the testator, they undoubtedly have the power to do so, if it is reasonably necessary in effectuating the primary purpose of the trust. 2 Perry on Trusts (7th ed.), § 729a. We think the purpose of the trust will best be subserved by transferring the trust estate and management to a corporation, as provided for in the decree of the trial court. In the decree it was provided that the board of trustees of the corporation should consist of not less than three nor more than nine members. While the will provides for only three individual trustees, we do not think this provision of the decree does violence to the primary object of the testator.

The other particular part of the decree questioned by the attorney general relates to the following provision of the will:

"I hereby direct my trustees to establish . . . a home for orphaned or abandoned working boys *between the ages of twelve and sixteen years.*"

Construing this provision, the trial court held that the age limitations referred only to admission of boys to the home; that the age at which they should be discharged was left to the discretion of the trustees. We agree with the trial court's construction of the provision.

While other specific portions of the decree have not been challenged by the attorney general, we have examined them in the light of the provisions of the will. We are convinced that the decree in all particulars tends to aid and effectuate the primary object of the trust, and that in no particular does the decree do violence to the will of the testator. It will therefore be affirmed.

STEINERT, C. J., MILLARD, and SIMPSON, JJ., concur.

BEALS, J., concurs in the result.