[No. 26645.   Department One.   March 28, 1939.]

*In the Matter of the Estate of* Emma Frye, *Deceased.*

Seattle-First National Bank, *as Executor, Appellant,*
v. Charles H. Frye, *Individually and as
Executor, et al., Respondents.*[1]

*Todd, Holman & Sprague,* for appellant.

*Eggerman & Rosling* and *W. S. Greathouse,* for respondent Frye.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* and *Tyre H. Hollander,* for respondent Montana Life Insurance Company.

[1]Reported in 88 P. (2d) 576.

ROBINSON, J.—In this cause, which arose in a probate matter, the respondents, who, for convenience, will be hereinafter referred to as defendants, demurred to the petition filed by the petitioner, who will be referred to as the plaintiff. The demurrers were heard on November 24, 1936, and the trial court orally announced that they would be sustained for want of sufficient facts. The plaintiff asked for leave to amend and, over objection, was granted leave to amend within two weeks. On the next day, she voluntarily moved for a dismissal without prejudice and without costs. On the same day, the defendants served proposed orders to be entered upon the demurrers, and on November 28th, that matter, together with the plaintiff's motion to dismiss, came on regularly for hearing. The defendants objected to plaintiff's motion to dismiss, and insisted upon the entry of the orders sustaining their demurrers.

After hearing oral argument of considerable length, of which we have had the advantage since it was brought here in the statement of facts, the court called for written briefs, and on January 9, 1937, summoned the attorneys in the case and rendered an oral decision, holding not only that the plaintiff had no right to voluntarily dismiss under the circumstances, but also that her attempt to do so constituted a waiver of the right to amend, and that the defendants were entitled to have the matter dismissed with prejudice. The plaintiff objected vigorously to both rulings and pleaded for leave to amend. On January 11th, the court entered an order sustaining the demurrers and dismissing the petition with prejudice, saving to the plaintiff an exception to each and every part of the order.

On appeal, the following questions are presented: (1) Did the court err in refusing to grant the plain-

tiff a voluntary nonsuit? (2) If not, did the court err in refusing the plaintiff leave to amend? and (3) Does the complaint state a cause of action? If either question 1 or 2 is answered in the affirmative, consideration of the third will be unnecessary. In fact, the second is the master question, because, even if the court ruled correctly in refusing the nonsuit, but not as to the right to amend, and the appellant, as a result of this appeal, receives that right, it would seem that she could exercise it and then dismiss; for the statute in effect when the court ruled on the matter has been superseded by rule of court which became effective on May 1, 1938. See Rule of Practice IV, 193 Wash. 41-a. This rule reads as follows:

"An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, unless the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: *Provided,* That the trial judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon good and sufficient cause in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court.

"This rule shall supersede Rem. Rev. Stat., § 408, subd. 1 [P. C. § 8122-1]."

Rem. Rev. Stat., § 408 [P. C. § 8122-1], in force when the ruling complained of was made, read, in part, as follows:

"An action in the superior court may be dismissed by the court and a judgment of non-suit rendered in the following cases:

"1. Upon the motion of the plaintiff, (a) when the case *is to be* or is being tried before a jury, at any time before the court announces its decision in favor of the defendant upon a challenge to the legal sufficiency of the evidence, or before the jury retire to consider their verdict, (b) when the action, whether for legal or equitable relief, *is to be* or is being tried before the court without a jury, *at any time before the court has announced its decision:* . . ." (Italics ours.)

The respondents base their contention that the court rightly refused the nonsuit largely upon the words which we have italicized in the foregoing quotation, and also upon the decision of this court in *German Mexican Co. v. Mexican Pac. Co.,* 163 Wash. 282, 1 P. (2d) 296. It is contended that the hearing on the demurrers, although wholly concerned with an issue of law, was a trial. There is no doubt about that. The statute so declares. Rem. Rev. Stat., § 312 [P. C. § 8476]. It is further said, and correctly, that the action was one *"to be"* tried before a court without a jury, and that the court in this case *"announced"* its decision before plaintiff attempted to take a nonsuit.

But we do not agree, however, that these considerations are determinative. Suppose that, instead of demurring, the defendants had moved to strike a paragraph, or even merely a phrase, from the complaint, and at the conclusion of the hearing thereon the court announced that the motion would be granted, would that have cut off the plaintiff's right to take a nonsuit at some subsequent stage of the case? There was a trial of an issue of law and the court had announced its decision.

We think that the intendment of the superseded statute was to permit a voluntary nonsuit to be taken in trials, whether of fact or of law, until a decision should be announced which would result in the entry of a final judgment against the plaintiff, plus the

further provision that, in a jury trial, the right should cease when the jury retires to consider its verdict. Thus, for example, in a jury trial, it was intended that the right should cease when the court announces a decision sustaining a challenge to the sufficiency of the evidence, and, in a factual trial by the court, when the court announces that the evidence is insufficient to warrant a recovery, and, in a law trial, when the court sustains a demurrer and refuses leave to amend, or makes some other ruling which entitles the defendant to a dismissal. But even when a demurrer is sustained, it has been thought necessary, or at least it has been the common practice, to recite, in moving for final judgment, that the plaintiff has declared an intention not to plead further. It is clear, of course, that there is no finality about an order sustaining a demurrer with leave to file an amended complaint. It expressly leaves plaintiff in court and permits him to proceed with the action.

In a California court of appeals case, *Provencher v. Los Angeles,* 10 Cal. App. (2d) 730, 52 P. (2d) 983, at the opening of the trial on September 18th, the court sustained a general demurrer by one of the defendants to the amended complaint and the objection of the other defendant to the introduction of any evidence, upon the ground that the complaint failed to state a cause of action. The court, however, continued the matter for one week, with leave to amend the complaint. The California Code of Civil Procedure provides that an action may be dismissed on nonsuit entered by the plaintiff by written request to the clerk, filed among the papers in the case, *"at any time before trial."* The plaintiff filed a dismissal with the clerk on September 23rd and did not appear at all when the case came on for hearing on September 25th. On September 29th, the court entered judgment for the de-

fendants. This judgment was vacated, over objection, and the matter went to appeal. We quote from the opinion:

"Appellants base their appeal upon the following propositions: That plaintiffs could not dismiss their case because (a) the hearing on the demurrer was a trial, and (b) that the ruling on the demurrer was a decision of the court. For these reasons they contend that the attempted dismissal was ineffectual, that the judgment in their favor was properly entered, and that the court was without power to set aside the same.

"If the described proceedings amounted to a trial plaintiffs thereafter had no right to dismiss the action, but if they did not amount to a trial plaintiffs had such right. . . . There may be a trial on the law as well as on the facts. A judgment entered after an order sustaining a demurrer without leave to amend is a judgment after trial. (*Goldtree v. Spreckels,* 135 Cal. 666 [67 Pac. 1091].)"

The court, however, held, in the case before it, that, since the plaintiff *had* been given leave to amend, and since the defendants did not become entitled to judgment by reason of the ruling on the demurrers, the plaintiff still had the right to dismiss.

The case of *German Mexican Co. v. Mexican Pac. Co., supra,* so much relied upon by the respondents, is in no way contra to the views we have hereinbefore expressed. In that case, the nonsuit was not requested or moved for until after the trial court had announced that it would not permit the plaintiff to file a second amended complaint, and that the defendants were entitled to a dismissal of the action. That was an announcement that the defendants were entitled to a final judgment and the case was wholly at an end. But, in the instant case, the court expressly ruled that the action might continue and gave the plaintiff leave to file an amended complaint within two weeks.

But, assuming, for the sake of argument, that

the appellant had no right to a dismissal under the circumstances, we are unable to see why her application to the court to do so' should have barred her from further proceeding in the case in the way the court had prescribed. It must, at least, be conceded that she had ample reason to honestly suppose that she had the right to dismiss and acted in complete good faith. There was nothing disrespectful or contumacious about the application, and it can hardly be supposed to have been made for delay, because it was made the very next day after the ruling on the demurrer and noted for hearing three days thereafter, so that, if ruled upon adversely, the appellant would have still had ten days to file her amended complaint in compliance with the order of the court. We do not see how the making of the motion can be construed as a waiver of the right to proceed in the regular course, provided the application was denied, or why its making should give the respondents the right to an immediate dismissal with prejudice.

In our opinion, the appellant's motion for a nonsuit was timely, and further, the refusal to permit her to amend after its denial, followed by the entry of a dismissal on the merits, was erroneous. Whether the petition should be dismissed with or without costs was, however, within the court's discretion.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

BLAKE, C. J., MAIN, STEINERT, and GERAGHTY, JJ., concur.