[No. 27868. Department One. September 13, 1940.]

FRANCES PEIRCE, *Appellant,* v. CHARLES SCHALKENBACH HOME FOR BOYS, INC., *et al., Respondents.*[1]

[1]Reported in 105 P. (2d) 288.

*James G. Mulroy,* for appellant.

*Matthew Stafford,* for respondent Charles Schalkenbach Home for Boys, Inc.

SIMPSON, J.—This action was brought by plaintiff to compel specific performance of a written contract made between Charles Schalkenbach and Minnie Wood Schalkenbach, husband and wife, by the terms of which agreement it is alleged plaintiff was to receive the sum of five hundred dollars. Plaintiff is a niece of Minnie Wood Schalkenbach.

The essential averments of the third amended complaint are these: May 27, 1919, Charles and Minnie Wood Schalkenbach were husband and wife, and owned valuable property. On that day, they entered into a contract, which, omitting the acknowledgment, reads:

"THIS AGREEMENT in duplicate, jointly made and entered into this *27th* day of May, 1919, by and between CHARLES SCHALKENBACH and MINNIE WOOD SCHALKENBACH, husband and wife, of Seattle, Washington, pursuant to the provisions of Section 5919 Remington & Ballinger's Annotated Codes and Statutes of Washington concerning agreements between husband and wife for the fixing of the status and disposition of community property to take effect upon the death of either, Witnesseth:

"That in consideration of the mutual wills this day made, and of other good and valuable considerations mutually moving between them, the receipt whereof is hereby acknowledged, they have and do hereby covenant, promise and agree with each other as follows:

"*First:* That all property of whatsoever nature or description whether real, personal or mixed and wheresoever situated now owned or hereafter ac-

quired by them or either of them shall be considered and is hereby declared to be community property.

"*Second:* That the status and disposition of the whole of said community property shall be and is hereby declared to be as provided in their mutual irrevocable last wills and testaments of even date herewith and by this reference hereby made a part of this instrument. True copies of said last wills and testaments are hereunto attached and marked respectively. Exhibits A and B.

"*Third:* That this instrument and said last wills and testaments shall be and remain irrevocable except in the event that the parties hereto shall otherwise mutually agree in writing.

"IN WITNESS WHEREOF, they have hereunto set their hands and seals at Seattle, Washington, this *27th* day of May, 1919."

The wills, dated May 27, 1919, which were attached to the contract and complaint, provided a trust for the purpose of founding a municipal bank. By the terms of the will of Minnie Wood Schalkenbach, appellant was to receive five hundred dollars; however, she was not mentioned in the will executed by Charles Schalkenbach.

June 23, 1926, Charles Schalkenbach executed another will, by the terms of which a trust was created for the purpose of establishing a home for boys. Upon his death, July 4, 1926, his last will was admitted to probate. November 21, 1930, his estate was regularly closed, and the property distributed to the trustees named in the will to be devoted to the establishment of the Charles Schalkenbach Home for Boys, Inc.

It was further alleged that, November 2, 1928, Minnie Wood Schalkenbach executed another will wherein she revoked her former will and disposed of all her estate.

Plaintiff alleged that she had not received the five hundred dollars given to her by the will executed by

Mrs. Schalkenbach dated May 27, 1919; that the defendant, Charles Schalkenbach Home for Boys, Inc., knew of the contract and will made by Mr. and Mrs. Schalkenbach, but concealed that information from plaintiff and the probate department of the superior court.

The allegations relative to the city are that it has no legal power to accept a donation for or to establish a bank as contemplated by the first wills.

Defendant's demurrer to the third amended complaint was sustained upon the ground that it did not state facts sufficient to constitute a cause of action. In the order sustaining the demurrer, plaintiff was denied leave to amend, and the action was dismissed with prejudice.

Plaintiff appeals, urging that the trial court erred in sustaining the demurrers and in dismissing appellant's third amended complaint.

It is of interest to note that litigations concerning these estates have been before this court in *Reagh v. Dickey,* 183 Wash. 564, 48 P. (2d) 941; *Reagh v. Schalkenbach,* 185 Wash. 527, 56 P. (2d) 673; and *Reagh v. Schalkenbach,* 191 Wash. 600, 71 P. (2d) 570.

Appellant contends that the agreement, dated May 27, 1919, which was drawn and executed in accordance with the provisions of Rem. Rev. Stat., § 6894 [P. C. § 1440], became effective July 4, 1926, constituted a valid and final disposition of the property belonging to the signers, and is still in force and effect; that the Charles Schalkenbach Home for Boys, Inc., is wrongfully in possession of the property disposed of by the agreement and attached wills.

We are at a loss to know the theory upon which the city was made a party defendant. It is not contended that the city claimed any portion of the estate, or intended to receive or use any of the property of

the estate or its proceeds in establishing a municipal bank.

■ Assuming, without deciding, that appellant's position is correct, it is evident that she cannot maintain this action, for the reason that she had no call upon the estate of 'Charles Schalkenbach. He did not mention her in his will. She was not related to Charles Schalkenbach, nor had she done anything in the way of valuable service which would in any way indicate a desire on his part to remember her. If appellant felt that she was entitled to the bequest of five hundred dollars, she should have sought recovery from the estate of Minnie Wood Schalkenbach at the proper time.

■ The facts alleged in the complaint and in the first, second, and third amended complaints were essentially the same.

The trial court did not abuse its discretion in refusing permission to appellant to file an additional complaint. *Magee v. Cohn*, 187 Wash. 157, 59 P. (2d) 1131.

The judgment is affirmed.

BLAKE, C. J., MAIN, JEFFERS, and DRIVER, JJ., concur.