[No. 31576. Department One. August 16, 1951.]

EINAR A. ELLINGSEN, *Appellant,* v. E. G. BENNETT *et al.,*
*Respondents.*[1]

*Chavelle & Chavelle,* for appellant.

*Todd, Hokanson & White,* for respondents.

SCHWELLENBACH, C. J.—This is an appeal from an order
striking plaintiff's amended complaint and dismissing the
complaint with prejudice.

The original complaint alleged that defendant husband
listed a tavern for sale with the plaintiff, a real-estate broker,
and that thereafter, plaintiff, in pursuance of his employ-
ment "procured a purchaser ready, willing and able to
purchase said premises for the sum of $32,000"; and that
defendant agreed to pay plaintiff the sum of $3,000 as a
commission. The complaint further alleged that defendant

[1]Reported in 234 P. (2d) 891.

and the buyer executed an earnest money receipt, a copy of which was attached to and made a part of the complaint. It was further alleged that, subsequent to the execution of the earnest money receipt, defendants refused to proceed with the sale. Judgment was prayed for in the amount of $3,000.

A demurrer to the complaint was sustained and plaintiff given ten days in which to serve and file an amended complaint. An amended complaint was then filed which eliminated the earnest money receipt and all reference thereto, but was, in all other respects, practically identical with the original complaint. It alleged that plaintiff, in pursuance of his employment, "procured a buyer ready, willing and able to purchase said premises at the price and upon the terms specified by the owner of the said premises."

A demurrer was filed to the amended complaint; a motion was made to make it more definite and certain; and a motion was made to strike it. The latter motion was granted.

Appellant contends that the trial court erred (1) in granting respondents' motion to strike the amended complaint and dismissing the action; and (2) in holding that a fatal inconsistency existed between the two complaints.

Appellant relies upon our decision in *McGinnis v. Forest Lbr. Co.*, 123 Wash. 136, 212 Pac. 166, where we stated:

"It is the settled law that, where a broker in good faith procures a purchaser ready, able and willing to buy upon the terms fixed by the seller and the seller refuses to complete the contract, the broker is entitled to his commission."

Respondents' motion to strike the amended complaint was on the following grounds:

"I

"Said amended complaint is inconsistent with plaintiff's original complaint in that it alleges that plaintiff procured a ready, willing and able purchaser when in fact the contract pleaded in the original complaint conclusively shows the contrary.

"II

"The amended complaint is sham and frivolous in that it ignores the written contract which was set forth in full in the original complaint."

The earnest money receipt which was made a part of the complaint contained the following provisions:

"This offer is contingent upon transfer to the purchaser of the Washington State Liquor License. . . .

"This offer is contingent upon the closing of the Angle Inn Tavern sale." [not the sale under consideration.]

"This offer is contingent upon examination of the books of account and excise tax report of the seller showing a gross business of the tavern to the satisfaction of the purchaser."

█ We held in *German Mexican Co. v. Mexican Pac. Co.,* 163 Wash. 282, 1 P. (2d) 296, that when a demurrer is sustained to a complaint which is based on a written contract, the terms of which defeat the cause of action asserted, it is proper to strike an amended complaint which is inconsistent with the original pleading and which ignores the previous allegations upon which the court originally sustained the demurrer. See, also, *Hansen v. Bank of California, Nat. Ass'n,* 189 Wash. 454, 66 P. (2d) 303; *Reagh v. Hamilton,* 194 Wash. 449, 78 P. (2d) 555. In the *Hansen* case, we said:

"There is no particular legal difference between the term 'inconsistent' and the term 'sham and frivolous.' Whether an amended pleading be 'inconsistent' or be 'sham and frivolous,' upon attack it must fall.

"To ignore, in an amended pleading, parts of the written contract which was set forth in full in the original complaint, is no more serious or reprehensible than to ignore a former adjudication which had been previously and repeatedly pleaded in the cause. One is as inconsistent as the other, and each may properly be designated as 'sham and frivolous.' "

█ Here, the original complaint alleged that appellant procured a purchaser ready, willing and able to purchase, as evidenced by an earnest money receipt, which receipt was made a part of the complaint. An examination of the receipt showed that appellant had not procured a purchaser unless or until certain contingencies were complied with. Such compliance was not alleged. The amended complaint eliminated all reference to the earnest money receipt and

merely recited the procurement of a purchaser "ready, willing and able to purchase." It was inconsistent with the original pleading, was "sham and frivolous," and was properly stricken.

The order is affirmed.

BEALS, HILL, DONWORTH, and FINLEY, JJ., concur.