[No. 16120.　Department Two.　November 30, 1920.]

EDWARD MARTIN, *as Guardian etc., Respondent,* v.
JOSEPH JANSEN, *Appellant.*[1]

ASSAULT (3)—EVIDENCE—VARIANCE. Under a complaint charging an indecent assault on the 20th day of July, it is not a material variance to prove that it occurred on the 16th or 17th of August.

TRIAL (77)—INSTRUCTIONS—PRESUMPTION AS TO TRUTH. In an instruction upon the credibility of witnesses, it is not an infringement of the province of the jury to state that all witnesses are presumed to testify to the truth.

ASSAULT—ELEMENTS—INDECENT ASSAULT. In an action for indecent assault, it is proper to refuse to instruct that the assault must have been made in a rude, angry and insolent manner.

DAMAGES (52)—INJURIES TO PERSON—MENTAL ANGUISH. Recovery may be had for mental anguish in an action for indecent assault in which there was an intentional trespass upon the person.

ASSAULT—DAMAGES—MEASURE AND AMOUNT. Upon proof of an indecent assault, plaintiff is entitled to recover substantial damages.

APPEAL (306)—REVIEW—WAIVER OF OBJECTIONS. Where plaintiff accepts a reduction of the amount of the verdict, he is estopped upon defendant's appeal from alleging error in ordering it.

Cross-appeals from a judgment of the superior court for King county, Wright, J., entered January 13, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Peterson & MacBride,* for appellant.

*Walter B. Allen* and *Robt. T. Hodge,* for respondent.

MOUNT, J.—This action was brought by Edward Martin, the father and guardian ad litem of Helen

[1]Reported in 193 Pac. 674; 198 Pac. 393.

Martin, a minor sixteen years of age, to recover damages for an alleged indecent assault upon her by the defendant. The complaint contained two causes of action. The court upon the trial sustained a challenge to the evidence pertaining to the second cause of action, and that cause was eliminated. The complaint alleged, in substance, that the defendant was conducting a retail candy and soft drink store, in the city of Seattle; that Helen Martin was employed by defendant as a clerk in said store, and began work about April 15, 1919, and continued up to August 15, 1919, when she left the store. The fourth paragraph of the complaint is as follows:

"That on or about the 20th day of July, at about 12:00 in the evening the said defendant closed the doors of the said establishment while only he and the said Helen Martin were in the place, and enticed the said Helen Martin to enter a rear room or compartment of the said store, and there attempted to and did embrace the said Helen Martin against her will and did offer to and take liberties with the said Helen Martin, and did attempt to persuade the said Helen Martin to consent to have intercourse with him, the said defendant."

The next paragraph is as follows:

"That all of which said acts were done against the will and consent of the said Helen Martin and she finally forced and compelled the said defendant to permit her to leave the said premises."

Upon the trial, the complaint was amended so as to allege mental distress and agony. The answer of the defendant denied all the allegations of the complaint. The case was tried to the court and a jury, and at the close of the plaintiff's evidence the defendant asked the court for a nonsuit, and at the close of all the evidence, the defendant challenged the sufficiency thereof and moved the court to instruct the jury to bring a

verdict for the defendant. These motions were denied, and the case was submitted to the jury and resulted in a verdict for plaintiff in the sum of $800. On motion of defendant for a new trial, the verdict was reduced to $450, which was consented to by the plaintiff in lieu of a new trial. The defendant has appealed generally, and the plaintiff has appealed from the order reducing the verdict. The parties will therefore be referred to as plaintiff and defendant in this opinion.

It is first argued that the proof is insufficient to make a case for the jury. It is unnecessary to recite the evidence here. It is sufficient to say that we are satisfied that, if Miss Martin's evidence is to be believed, there was amply sufficient to go to the jury.

While Miss Martin was upon the stand as a witness, she testified that the assault took place on the 15th day of August. The complaint alleged that the assault took place on the 20th day of July, 1919; but it is plain from reading her evidence that she was uncertain as to the day of the month, but stated on cross-examination that the assault occurred upon the 16th or 17th day of August. This was one or two days after she had informed her father of the assault. She also testified that the assault occurred about two or three weeks before she informed her father thereof; that she did not inform her father because she was afraid her father would make trouble. Whether the assault occurred on July 20, or on August 15, is immaterial except to show that it was within the statute of limitations. Her testimony upon this point, at most, went to her credibility.

Defendant next argues that the court erred in giving the following instruction to the jury:

"You are the sole and exclusive judges of the facts and degree of credit to be given to the testimony of

the different witnesses who have testified before you. In weighing their testimony it will be your duty to consider their demeanor upon the witness stand, their manner of testifying, their apparent candor and fairness or lack of it, their interest or lack of interest in the result of the trial, the opportunities they have had for ascertaining and knowing the facts with reference to which they have testified; and, from all the facts and circumstances, it is your duty to give the proper weight to the testimony of each and every witness who has testified before you. All witnesses are presumed to testify to the truth; but if you should be satisfied that any witness has knowingly testified falsely in any material matter in this case, you have a right to reject the whole of the testimony of such witness unless corroborated by other creditable evidence of the facts and circumstances proved.''

It is objected to this instruction because of the statement ''all witnesses are presumed to testify to the truth.'' Some cases are cited to the effect that an instruction of this kind infringes upon the province of the jury, but we are satisfied, when the instruction is taken as a whole, that the phrase ''all witnesses are presumed to testify to the truth'' is not erroneous. We are of the opinion that this presumption must follow when a witness is sworn and testifies in a case unless there is some fact or circumstance in the case from which the jury might conclude that the witness has not testified truthfully. We are satisfied there was no prejudicial error in this instruction.

Upon the trial of the case, the defendant asked the court to give three instructions to the effect that, unless it appeared from the evidence that the defendant committed the assault in a rude, angry, and insolent manner, there could be no recovery. We are clearly of the opinion that it was not necessary for the plaintiff to show that the defendant made the assault in an

angry or insolent manner. Indecent assaults are not made in that way. The rule as stated in 2 R. C. L., p. 547, is as follows:

"An indecent assault consists in the act of a male person taking indecent liberties with the person of a female or fondling her in a lewd and lascivious manner without her consent and against her will, but with no intent to commit the crime of rape."

. All that was necessary to prove upon this point was that the assault was committed by the defendant taking indecent liberties with the person of Miss Martin. He may or may not have done so in a rude, angry, or insolent manner. The very fact that he fondled her as she testified, took hold of her, and attempted to pull her down upon his lap against her will, was sufficient, without showing that there was any rudeness or insolence, or that he was angry. We are satisfied, therefore, that the court did not err in refusing to give these instructions.

The defendant also argues that the court erred in permitting evidence of mental anguish because of the assault, and relies upon the case of *Corcoran v. Postal Telegraph-Cable Co.*, 80 Wash. 570, 142 Pac. 29, L. R. A. 1915B 522, and *Kneass v. Cremation Society*, 103 Wash. 521, 175 Pac. 172, where this court held there could be no recovery for damages arising from mental anguish as a result of negligence when not accompanied by physical injury. Those were cases where there was no assault and no violation of the person. This is a case where there was a violation of the person of Miss Martin. In the note to *Kurpgeweit v. Kirby*, 88 Neb. 72, 129 N. W. 177, 33 L. R. A. (N. S.) 98, it is said:

"It is generally held that a recovery for mental anguish may be had where such suffering is the result

of a wanton or intentional trespass on the person of a woman.''

A number of cases are there cited to that effect. We are of the opinion that the defendant does not distinguish between cases where there is no invasion of the person and those cases where there is an actual invasion of the person. We think there is no merit in this contention.

The defendant also argues that the verdict was excessive, that at most there should be nominal damages. We are of the opinion that in a case of this kind substantial damages are proper.

The plaintiff upon his appeal argues that the court erred in reducing the verdict of the jury. When the court made the order granting the new trial unless the amount of the verdict would be reduced, the plaintiff accepted the reduction and he took a judgment for the lesser amount. He is estopped therefore to raise the question now. *Klock Produce Co. v. Diamond Ice & Storage Co.,* 98 Wash. 676, 168 Pac. 476; *McElrath v. Fall,* 111 Wash. 438, 191 Pac. 398.

We find no error in the judgment. It is therefore affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.

### ON REHEARING.

#### [*En Banc.* June 1, 1921.]

PER CURIAM.—This cause was reargued before the court *En Banc* on May 23, 1921, in pursuance of the granting of appellant's petition for rehearing. Deeming ourselves fully advised in the premises, we are of the opinion that the cause was correctly disposed of by the decision of Department Two. For the reasons therein stated, the judgment is affirmed as in the Department opinion directed.