Arthur Patrick O'HARA,
Plaintiff-Appellant,

v.

LONG ISLAND RAILROAD COMPANY,
Defendant-Appellee.

No. 244, Docket 81–7315.

United States Court of Appeals,
Second Circuit.

Argued Oct. 29, 1981.
Decided Nov. 6, 1981.*

---

* This appeal, originally heard on October 29, 1981, was decided by order dated November 6, 1981. Such a summary disposition has no

Richard Klein, New York City (Bromsen, Altier & Wayne, New York City), for plaintiff-appellant.

J. Dennis McGrath, Jamaica (Angelo Granatelli, Jamaica, N. Y., of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, FRIENDLY, Circuit Judge, and PIERCE,** District Judge.

precedential value under our Local Rule § 0.23. Counsel for appellee, however, has requested that the November 6 order be published, and we have decided to repeat the substance of our November 6 order in this per curiam opinion, which will be published.

**PER CURIAM:**

Arthur Patrick O'Hara appeals from an order of the United States District Court for the Eastern District of New York, George C. Pratt, J., dismissing his second cause of action against the Long Island Railroad Company ("Railroad") for failure to sustain a prima facie case under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. We affirm. O'Hara, a trainman employed by the Railroad, had asserted three causes of action arising from three separate accidents. The first and third causes of action were submitted to a jury, but the parties settled before verdict was rendered. The second cause of action concerned appellant's claim of injury through the Railroad's negligent failure to provide a safe workplace. O'Hara maintains that he was injured when he tripped at a place where a tile was missing from the floor of the train on which he was working. He presented testimony that one tile was loose and another was missing; that at the time he fell, the train lurched; and that the train had been traveling on a temporary track at a speed of sixty miles per hour. In a memorandum and order dated March 13, 1981 and adhered to after reconsideration in a memorandum dated May 15, 1981, Judge Pratt found that appellant did not present enough evidence for a reasonable jury to find in his favor.

We have reviewed the record carefully, and we find that appellant's case was deficient in two respects. First, he furnished no evidence that the Railroad had notice of the defect in the tiles. Second, plaintiff failed to offer proof that the speed at which the train was moving was too fast. While it is true that there is a strong federal policy in favor of letting juries decide FELA cases, FELA is not an insurance program. Claimants must at least offer some evidence that would support a finding of negligence.

** Honorable Lawrence W. Pierce, United States District Judge, Southern District of New York, sitting by designation at the time of the original decision.

The decision of the district court is affirmed.