[No. 11692-4-I.   Division One.   October 22, 1984.]

JAMES D. LESSEE, *Appellant,* v. UNION PACIFIC RAILROAD COMPANY, *Respondent.*

---

[5]Judge James A. Andersen was the third panel member hearing this case. After argument, he was appointed to the Supreme Court of Washington.

*Hay & Wales* and *Allan R. Wales* (*John C. Boylan* and *Gary W. Becker,* of counsel), for appellant.

*Lane, Powell, Moss & Miller* and *William Walsh, Jr.,* for respondent.

CORBETT, A.C.J.—James D. Lessee appeals from the judgment of dismissal entered at the close of his case. We affirm.

Lessee brought this action against Union Pacific Railroad (UP) seeking compensation for a noise–induced hearing loss he suffered during his employment with UP. The claim was based upon the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60, and the boiler inspection act (BIA), 45 U.S.C. § 23. Federal and state jurisdiction under the FELA is concurrent, 45 U.S.C. § 56, and federal decisions construing the act are controlling. *Chicago, M. & St. P. Ry. v. Coogan,* 271 U.S. 472, 474, 70 L. Ed. 1041, 46 S. Ct. 564 (1926); *Schosboek v. Chicago, M., St. P. & Pac. R.R.,* 188 Wash. 672, 677, 63 P.2d 477 (1936), *modified,* 191 Wash. 425, 71 P.2d 548 (1937). The FELA cause of action is based upon negligence.[1] *Wilkerson v. McCarthy,* 336 U.S. 53, 61, 93 L. Ed. 497, 69 S. Ct. 413 (1949). The BIA "supplements" the FELA by imposing upon interstate rail-

---

[1] 45 U.S.C. § 51 provides that common carriers engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

roads "'an absolute and continuing duty'" to provide safe equipment.[2] *Urie v. Thompson,* 337 U.S. 163, 188, 93 L. Ed. 1282, 69 S. Ct. 1018, 11 A.L.R.2d 252 (1949). Negligence is not the basis of liability under the BIA. *Lilly v. Grand Trunk W. R.R.,* 317 U.S. 481, 485, 87 L. Ed. 411, 63 S. Ct. 347 (1943).

Except for 2 years of military service, Lessee worked for UP as a fireman or engineer from 1956 until 1978, when he was disqualified from working as an engineer because of his hearing disability. In his early years of employment by the railroad, Lessee occasionally experienced difficulties with his hearing. He testified to the noise of the engines and how his ears would ring after work. His hearing problems increased over the years until the summer of 1975, when he became acutely aware of his hearing deficiency. In August of 1976, Lessee consulted a hearing specialist and received a formal diagnosis that the hearing loss was work related.

An audiologist testified in general terms that exposure to loud noise can damage hearing. A physician who examined Lessee testified to a "reasonable degree of medical certainty" that Lessee's hearing loss was caused by exposure to noise in the course of his occupation. Lessee's engineering expert testified that a continuous noise level measuring "Leq 93" was the level at which OSHA regulations required control. Although the testimony is unclear, he seems to have testified that his tests of the two types of engines on which Lessee worked revealed peak Leq levels of 93 and 84, respectively. An 8–hour exposure on one engine produced an 87 level, and an 8–hour exposure on the other measured 82. He testified under cross examination that levels under 90 Leq for an 8–hour day were not in violation of OSHA standards.[3] The trial court found no evidence to support

---

[2]45 U.S.C. § 23 provides:

"It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless . . . in proper condition and safe to operate . . . without unnecessary peril to life or limb . . ."

[3]We note that proof of violation of an OSHA regulation is not dispositive of

either a breach by UP of its duty to provide a safe workplace, or that the locomotives on which Lessee worked were defective, and dismissed the action at the close of the plaintiff's case.[4]

■ The Supreme Court has stated the test in an FELA action based on negligence as "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R.R.*, 352 U.S. 500, 506, 1 L. Ed. 2d 493, 77 S. Ct. 443 (1957). This test has been restated as "whether the railroad, by failing to exercise all reasonable care, participated in any manner to effect or permit the unsafe condition." *Bridger v. Union Ry.*, 355 F.2d 382, 386 (6th Cir. 1966).

The FELA has been liberally construed to support recoveries by injured employees, even when employer negligence has been minimal. *Rodriguez v. Delray Connecting R.R.*, 473 F.2d 819, 820 (6th Cir. 1973). However, the test employed, that recovery will be sustained if employer negligence played any slight part in the injury, has reference to the relaxed burden of proving *proximate cause* enjoyed by the FELA plaintiff. *Nivens v. St. Louis Southwestern Ry.*, 425 F.2d 114, 118 (5th Cir.), *cert. denied*, 400 U.S. 879, 27 L. Ed. 2d 116, 91 S. Ct. 121 (1970). The plaintiff must still prove the employer was negligent. *Tennant v. Peoria &*

---

an FELA claim. *See Calabritto v. New York, N.H. & H. R.R.*, 287 F.2d 394, 395–96 (2d Cir.), *cert. denied*, 366 U.S. 928, 6 L. Ed. 2d 387, 81 S. Ct. 1649 (1961).

[4]Lessee asserts that because the trial court had dismissed his claim on the additional ground of the statute of limitations, it incorrectly treated the sufficiency of the evidence as merely a "procedural issue," and therefore did not fully consider the evidence presented before ruling. Lessee cites no authority for this assignment of error. Assignments of error lacking argument or citation of authority will not be considered unless it is apparent, without further research, that they are well taken. *Mellor v. Chamberlin*, 34 Wn. App. 378, 383, 661 P.2d 996, *modified*, 100 Wn.2d 643, 673 P.2d 610 (1983). Lessee's argument is not well taken. The record reveals that the trial court, having found the action to be time barred, made the additional and alternative ruling that the evidence was insufficient to support the claims, based upon his application of the controlling law to the testimony he had heard.

*P.U. Ry.*, 321 U.S. 29, 32, 88 L. Ed. 520, 64 S. Ct. 409 (1944). The fact that an employee is injured is not proof of employer negligence. *Eaton v. Long Island R.R.*, 398 F.2d 738, 741 (2d Cir. 1968).

> The Act does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. And that negligence must be "in whole or in part" the cause of the injury.

*Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653, 91 L. Ed. 572, 67 S. Ct. 598 (1947). In *O'Hara v. Long Island R.R.*, 665 F.2d 8, 9 (2d Cir. 1981), a trial court order dismissing plaintiff's FELA action for failure to establish a prima facie case was upheld. Plaintiff had alleged negligent failure to provide a safe workplace. The court noted the absence of evidence that the railroad had notice of the defective condition, and stated:

> While it is true that there is a strong federal policy in favor of letting juries decide FELA cases, FELA is not an insurance program. Claimants must at least offer some evidence that would support a finding of negligence.

*O'Hara*, at 9.

To summarize, a plaintiff's prima facie case under the FELA must include all the elements found in a common law negligence action. *Davis v. Burlington N., Inc.*, 541 F.2d 182, 185 (8th Cir.), *cert. denied*, 429 U.S. 1002, 50 L. Ed. 2d 613, 97 S. Ct. 533 (1976). In addition to presenting "probative facts from which the negligence and the causal relation could reasonably be inferred", *Tennant v. Peoria & P.U. Ry.*, *supra* at 32, the plaintiff must prove that the railroad could reasonably have foreseen that a particular condition could cause injury. *Richardson v. Missouri Pac. R.R.*, 677 F.2d 663, 665 (8th Cir. 1982). The railroad's duty is measured by what a reasonably prudent person should or could have reasonably anticipated as occurring under like circumstances. *Richardson*, at 665.

Although the evidence in FELA cases is viewed with great liberality, *e.g.*, *Gallick v. Baltimore & O. R.R.*, 372

U.S. 108, 113–17, 9 L. Ed. 2d 618, 83 S. Ct. 659 (1963), plaintiff's evidence in the instant case falls short of establishing a prima facie case. While the evidence, viewed in the light most favorable to Lessee, may have tended to show that noise levels were sufficient to cause and in fact (based on the medical testimony) did cause his hearing loss, there is nothing in the record before us tending to show a defective condition of the locomotives, that UP had notice or knowledge of any alleged defect, or that UP reasonably could have anticipated that the noise of the locomotives could cause injury.[5] Because Lessee failed to produce evidence from which a jury could find that the locomotives were defective or that UP was negligent, the trial court did not err by dismissing his claims.

The complaint in this case was filed in August 1979. Lessee assigns error to the trial court's dismissal of his claim on the alternative ground that the action was not brought within the 3–year statute of limitations. 45 U.S.C. § 56.

Cases construing section 56 of the FELA have distinguished traumatic injury from industrial disease. With traumatic injury, the events giving rise to the injury can be discerned when they occur, and the cause of action accrues on that day, even if the full extent of the injury is not known at that time. *Fletcher v. Union Pac. R.R.,* 621 F.2d 902, 906 (8th Cir. 1980), *cert. denied,* 449 U.S. 1110, 66 L. Ed. 2d 839, 101 S. Ct. 918 (1981). When the injury forming the basis for the FELA claim is a gradually developing industrial disease,[6] with symptoms that are not immedi-

---

[5]The doctrine of res ipsa loquitur has been held to apply to FELA actions, *Jesionowski v. Boston & M. R.R.,* 329 U.S. 452, 456–59, 91 L. Ed. 416, 67 S. Ct. 401, 169 A.L.R. 947 (1947), but as a factual predicate it applies only to "extraordinary, not usual, happenings," so that when they occur "a jury may fairly find that they occurred as a result of negligence." *Herdman v. Pennsylvania R.R.,* 352 U.S. 518, 520, 1 L. Ed. 2d 508, 77 S. Ct. 455 (1957) (quoting *Jesionowski,* at 458). Just as the court in *Jesionowski* held that train derailments were not "extraordinary" happenings, we cannot say that locomotive noise is an extraordinary condition triggering application of the doctrine.

[6]Loss of hearing has been held to be an occupational disease for which a

ately manifested, the statute begins to run when the employee "has reason to know he has been injured." *Young v. Clinchfield R.R.,* 288 F.2d 499, 503 (4th Cir. 1961). Generally, this will be when the condition is diagnosed, *Urie v. Thompson, supra* at 170, unless the plaintiff should have known he was injured at an earlier date. *Young v. Clinchfield R.R., supra* at 503. This is in accord with the view that the "traditional purposes of statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after *notice of the invasion of legal rights.*" (Italics ours.) *Urie v. Thompson, supra* at 170.

Lessee testified as follows:

Q. Did you not suspect that the loud noise of work of which you now complain was maybe the cause of your difficulty?
A. Yes, I thought that might be the cause.
Q. And that was prior to the camping incident?
A. I believe that it was what I said, yes.
Q. In other words, would it be fair to say that you assumed that any difficulty you were having with your hearing was attributable to the noise around the switch yard and the locomotive cars and trains?
A. Yes, I felt that was probably the reason for it.

Lessee was aware of his hearing difficulty "a few years prior to" 1975 and became "concerned" and "really realized that [he] must have some kind of a problem" at the time of a 1975 camping trip. UP argues that this state of mind is not the type of "blameless ignorance" of a latent disease sought to be protected by the courts in *Urie* and *Young,* since Lessee knew or should have known of his injury in 1975 but did not bring his action until 1979. The trial court dismissed the action on this basis. Because dismissal of Lessee's claim was proper in light of his failure to establish a prima facie case under the FELA or BIA, we need not determine the correctness of the trial court's ruling on the statute of limitations.

---

worker may recover under the FELA. *See Barger v. Mayor & City Coun.,* 616 F.2d 730, 732 n.1 (4th Cir. 1980) (action under Jones Act, which incorporates FELA remedies).

Affirmed.

SWANSON and WILLIAMS, JJ., concur.