[No. 6285-6-III.   Division Three.   April 9, 1985.]

RUEBEN STREIFEL, ET AL, *Plaintiffs*, v. MICHAEL HANSCH, ET AL, *Appellants*, MAURICE COOPER, ET AL, *Respondents.*

*Terence M. Ryan* and *Parkins & Ryan,* for appellants.

*Martin G. Weber* and *Lukins & Annis, P.S.,* for respondents.

GREEN, C.J.—One issue is presented: Did the statute of limitations run on the claims alleged in the third party complaint of Michael and Laurelyn Hansch against attorneys Maurice Cooper, William D. Roberts and their respective spouses justifying dismissal of their complaint? The trial court answered in the affirmative and so do we.

The Charons owned real property in Spokane subject to a deed of trust executed by them to Great Western Union Federal Savings and Loan Association. The deed of trust contained a "due–on–sale" provision. On June 11, 1979, the Charons sold the property to the Hansches without notice to or the required consent of Great Western. Cooper & Roberts were the designated closing attorneys.

On October 1 Great Western notified the Charons it had learned of the sale and, pursuant to the due–on–sale provision, demanded payment of the loan balance. Following a discussion with the Charons, it was agreed the bank would not accelerate the loan during negotiations to settle the matter. On October 26 Charons' attorney confirmed this understanding by letter, sending a copy to counsel for the Hansches.

On November 12 counsel for the Hansches sent the Hansches' current financial statement to Great Western along with a letter assuring that their assuming the Charons' loan would not impair the bank's security. Great Western responded by sending a loan application package for the Hansches, informing that if they did not submit the application, it would exercise its rights under the deed of trust. The Hansches did not do so.

On January 24, 1980, the Hansches' attorney wrote to the Charons' attorney stating:

> [T]he Hansches . . . are suffering real damages now in the form of attorneys' fees and the emotional stress incident to the potential effect on their interests in the property they, in good faith, purchased from your clients.

. . .

. . . [I]t seems more than arguable that the Charons intentionally, or negligently, failed to inform the attorneys that *they* retained to close the transaction of the existence of a "legal" clause of which they had actual notice—a clause *they* apparently interpreted as not presenting a problem relative to the transaction. . . . [I]f it becomes necessary to seek a judicial solution to the problem, . . . it may be argued that the Hansches have a cause of action against the Charons for rescission and damages.

. . . This dispute has ruined their vacation, and caused them actual damages in the form of attorneys' fees. It would, under these circumstances, seem fair for the Hansch[es] to request that some provision to ensure the alleviation of these actual damages be made as a precondition of any further participation in a matter which has resulted from the failure of the parties who knew, or should have known, of the potential problem posed by the due–on–sale clause contained in Great Western's Deed of Trust.

The Hansches subsequently sold their interest in the property to the Streifels and LeBlancs. Great Western declared a forfeiture of the property which prompted the Charons to file suit challenging the validity of the due–on–sale clause. On September 3, 1982, the trial court ruled the clause valid and enforceable.

Thereafter, Great Western again declared a forfeiture of the property. On February 4, 1983, the Streifels and LeBlancs sued the Hansches, among others, for damages resulting from the bank's declaring the loan due. On August 26 the property was sold at a trustee's sale.

On September 30, 1983, the Hansches filed a third party complaint for damages against the Charons and the closing attorneys, Cooper & Roberts. They alleged in part Cooper & Roberts committed malpractice by not disclosing the due–on–sale clause to them. Cooper & Roberts moved for summary dismissal of the third party complaint based on the expiration of the statute of limitation. This motion was granted and the Hansches appeal.

It is not contested that the 3–year statute of limitation

applies. RCW 4.16.080. The parties' contentions center around when the Hansches' cause of action *accrued*. Former RCW 4.16.010. It is the Hansches' position their action did not accrue until they had sustained *appreciable* harm or damage. They assert this did not occur until the trustee's sale on August 26, 1983, when their damages became fixed and ascertainable. On the other hand, Cooper & Roberts contend the statute began to run when the Hansches discovered, or in the exercise of reasonable diligence should have discovered, the facts giving rise to the cause of action. They argue that occurred here when the harm was capable of determination: as early as October 1979 when the Hansches first learned of the due–on–sale clause; or at least by the time of the January 24, 1980, letter from their attorney to the Charons' attorney informing of their cause of action for damages and rescission. Consequently, Cooper & Roberts assert, the trial court was correct when it dismissed the third party complaint filed on September 30, 1983. We agree with Cooper & Roberts.

In *Peters v. Simmons,* 87 Wn.2d 400, 406, 552 P.2d 1053 (1976), the court held:

> the statute of limitations for legal malpractice should not start to run until the client discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action.

Here, the Hansches were aware of the due–on–sale clause when Great Western initially sought to accelerate the balance due on the loan and later requested them to fill out application forms for a new loan at a different interest rate. This fact of damage was made evident in the January 24, 1980, letter to the Charons' attorney by the Hansches' counsel. That letter contains the essence of the allegations restated in more detail in the third party complaint and asserts not only a claim of damages but also rescission. It is readily apparent that by January 1980, the Hansches had discovered facts giving rise to an action, not only against the Charons but also the closing attorneys. Hence, their causes of action accrued at that time.

*Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975), cited by the Hansches, which involved insurance coverage, does not change our conclusion. There, in discussing appreciable as opposed to nominal harm, the court held: "respondent's cause of action accrued when he first suffered actual loss and had the first opportunity by the exercise of reasonable diligence to discover he had an actionable claim . . ." *Gazija,* at 223. Here, the Hansches had an actionable claim when they learned of the due–on–sale clause and the bank's intention to enforce it. They could have elected to rescind the contract, or apply for loan approval with a higher interest rate. At that point they had sustained appreciable damage. Their letter of January 24, 1980, is evidence of their knowledge of their cause of action and their damages. If the Hansches' argument that all damages must have become fixed were accepted, there would be no effective limitation of actions. *Cf. Buxton v. Perry,* 32 Wn. App. 211, 646 P.2d 779, *review denied,* 97 Wn.2d 1040 (1982). Since the third party action was not filed until September 1983, more than 3 years after the accrual of the action, the trial court correctly granted summary dismissal of the third party complaint.

Affirmed.

McINTURFF and THOMPSON, JJ., concur.