[No. 17456-8-I. Division One. May 26, 1987.]

PAMELA JO RAYMOND, ET AL, *Appellants,* v. AARON L. INGRAM, ET AL, *Respondents.*

*Robert K. Dawson* and *Pence & Dawson,* for appellants.

*Victoria L. Vreeland* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim; Palmer Robinson, Sylvia L. Luppert,* and *Carney, Stephenson, Badley, Smith & Mueller,* for respondents.

RINGOLD, A.C.J.—Pamela Jo Raymond sued her paternal grandparents, Aaron and Hulda Ingram, alleging that Aaron sexually abused her when she was a child. and that Hulda negligently allowed the abuse to occur. The trial court granted the Ingrams' motion for summary judgment,

dismissing claims for any acts that occurred prior to October 24, 1981, because the statute of limitations had run. Raymond appeals, and we affirm.

Raymond alleged that when she was between the ages of 4 and 17, Aaron Ingram sexually abused her, with the knowledge and consent of Hulda Ingram. Several experts affied that Raymond's sexual abuse caused her to have stomach cramps, a sleep disorder, and other problems. Raymond alleged that she first realized her problems were connected with the sexual abuse when she began therapy in August 1982. She also stated, however, that as a child if she had to stay with her grandparents she would get a stomachache.

Hulda Ingram moved for summary judgment, asking that the case against her be dismissed because the statute of limitations had run. Aaron Ingram's counsel argued against the grant of summary judgment stating:

> Ms. Vreeland [Hulda's counsel] has repeatedly stated that she [Raymond] knew all of the elements of her cause of action a long, long time ago, as early as 1971, and therefore her claim should be time barred for failure to act. Mr. Dawson [Raymond's attorney] alluded to it, but I wanted to explicitly state that the one thing that Pam Raymond did not have in 1971 or at any time before she filed this action was the proximate cause relationship between the conduct of her grandfather, which she was fully aware of, and the damages, which she was fully aware of, and not knowing that relationship is a key element; a key element of which she had no actual knowledge.

Judge Robert Elston refused to grant summary judgment, ruling that whether Raymond had discovered her cause of action within the statute of limitations was an issue for the trier of fact to determine. The case was then assigned to Judge Richard Ishikawa for trial. Before any evidence was presented, Hulda renewed her motion for summary judgment. This time, rather than oppose the motion, Aaron joined it. Judge Ishikawa granted Hulda's motion for summary judgment and granted Aaron partial

summary judgment, dismissing any claims arising before October 24, 1981.

## CONSIDERATION OF SUMMARY JUDGMENT
### BY THE TRIAL COURT

Raymond contends that Hulda should not have been allowed to bring her summary judgment motion before the trial judge, because a different judge at the superior court previously denied the motion. For support, she cites King County Local Rule (KCLR) 7(b)(1)(A), which states:

> Reapplication on Same Facts. When an order has been refused in whole or in part (unless without prejudice) or when an order has been granted conditionally and the condition has not been performed, the same motion may not be presented to another judge.

The Ingrams do not dispute that the second motion was made upon the same facts as the first. Thus, under KCLR 7(b)(1)(A), Hulda should not have asked the trial court to rule on her summary judgment motion.

The trial court, however, has the inherent power to waive its rules. *Ashley v. Superior Court,* 83 Wn.2d 630, 636, 521 P.2d 711 (1974). This court has held that a superior court judge may suspend KCLR 7 and review a summary judgment motion previously considered by another judge. *Snyder v. State,* 19 Wn. App. 631, 637, 577 P.2d 160 (1978). Unless the record shows that an injustice has been done, this court will presume that the superior court disregarded KCLR 7 for sufficient cause. *Snyder,* at 637. The trial judge did not err by considering the motion for summary judgment.

## JUDICIAL ESTOPPEL

Raymond argues that Aaron should be estopped from contending that she knew all of the essential elements of her cause of action before she turned 18, because Aaron took an inconsistent position on the first summary judgment motion. At the first hearing, Aaron's counsel argued that Raymond was not aware of the causal connection between her damages and the sexual abuse until she began

therapy.

Raymond relies upon *Mueller v. Garske,* 1 Wn. App. 406, 409, 461 P.2d 886 (1969), in which this court stated:

A party is not permitted to maintain inconsistent positions in judicial proceedings. It is not as strictly a question of estoppel as it is a rule of procedure based on manifest justice and on a consideration of orderliness, regularity and expedition in litigation.

In *Markley v. Markley,* 31 Wn.2d 605, 198 P.2d 486 (1948), the Supreme Court reviewed the discussion of judicial estoppel contained in 19 Am. Jur., quoting from it extensively. The court stated:

A number of limitations upon, or qualifications of, the rule against assuming inconsistent positions in judicial proceedings have been laid down. Thus, the following have been enumerated as essentials to the establishment of an estoppel under the rule that a position taken in an earlier action estops the one taking such position from assuming an inconsistent position in a later action: (1) The inconsistent position first asserted must have been successfully maintained; (2) *a judgment must have been rendered;* (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; (6) it must appear unjust to one party to permit the other to change.

(Italics ours.) *Markley,* at 614–15 (quoting 19 Am. Jur. *Estoppel* § 573, at 704).

Aaron took a position in the first motion for summary judgment inconsistent from his later position and prevailed. The motions court denied Hulda's motion for summary judgment. The denial of a motion for summary judgment, however, is not a final judgment. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 882–83, 652 P.2d 948 (1982). Unlike *Mueller,* no judgment was entered upon Aaron's earlier position and the doctrine of judicial estoppel is inapplicable. *Markley.*

## DISCOVERY RULE

Raymond contends that the discovery rule should apply

to her case. She argues that her cause of action did not accrue until she went to therapy and realized that her insomnia and stomach problems were related to the sexual abuse that she suffered as a child. The Ingrams respond that, though Raymond may not have known the causal connection of all of her injuries until Raymond's therapy, Raymond knew that the sexual abuse had caused injury.

The Supreme Court recently addressed the issue of whether the discovery rule applies in sexual abuse cases. *Tyson v. Tyson*, 107 Wn.2d 72, 727 P.2d 226 (1986). In *Tyson*, when the victim was 26 years old, she sued her father because he had sexually molested her during her childhood. The victim alleged that she had repressed the incidents of abuse and did not remember them until she had therapy. Thus, she contended that the cause of action should not accrue until her therapy began in 1983, even though she turned 18 years old in 1975. The Supreme Court rejected this contention holding that the discovery rule does not apply where there is no objective, verifiable evidence of the original wrongful act and resulting physical injury.[1] *Tyson*, at 76–77.

We need not decide whether there was objective, verifiable evidence of the original wrongful act in this case. It is not necessary to know the total extent of damages that an act causes to begin the running of the statute of limitations. *Streifel v. Hansch*, 40 Wn. App. 233, 237, 698 P.2d 570 (1985). "With traumatic injury, the events giving rise to the injury can be discerned when they occur, and the cause of action accrues on that day, even if the full extent of the injury is not known at that time." *Lessee v. Union Pac. R.R.*, 38 Wn. App. 802, 807, 690 P.2d 596 (1984). An indecent or sexual assault gives rise to a suit for mental anguish and entitles the plaintiff to recover substantial damages.

---

[1]The *Tyson* case was decided by a 5-to-4 decision of the court. Justice Goodloe concurred in the majority opinion, but stated that the dissent was persuasive. He concluded, however, that it was a policy decision that should be determined by the Legislature. *Tyson*, at 80 (Goodloe, J., concurring).

*Martin v. Jansen,* 113 Wash. 290, 193 P. 674, 198 P. 393 (1921).

Raymond admitted that, before she had therapy, she remembered the assaults and realized that as a child she had mental anguish associated with the sexual abuse. Before her therapy, she also had memories of the events giving rise to her cause of action and of some injury associated with those events. As with traumatic injury, Raymond's cause of action for sexual assault accrued once she reached the age of majority. *See Lessee v. Union Pac. R.R., supra.* It does not matter that Raymond had not discovered the causal connection to all her injuries, because when Raymond reached the age of majority she knew that she had substantial damages associated with the sexual abuse. *See Steele v. Organon, Inc.,* 43 Wn. App. 230, 716 P.2d 920, *review denied,* 106 Wn.2d 1008 (1986). The trial court correctly applied the statute of limitations.

The judgment is affirmed.

COLEMAN and GROSSE, JJ., concur.

Review denied by Supreme Court September 1, 1987.