[No. 22366-3-III.   Division Three.   February 10, 2005.]

BRENDA HUFF, ET AL., *Appellants*, v. PATRICK T. ROACH, ET AL., *Respondents*.

726

*Earl M. Sutherland* and *Jennifer L. Moore* (of *Reed McClure*), for appellants.

*Carl A. Taylor Lopez* (of *Lopez & Fantel*), for respondents.

¶1 Brown, J. — Brenda and Shurwin Huff filed a malpractice claim against their former attorney, Patrick T. Roach,[1] nearly seven years after they discovered he had missed the Oregon statute of limitations in their underlying personal injury claims. Reasoning the legal negligence claim accrued upon discovery and was time barred, the trial court granted summary judgment dismissal. Mr. and Mrs. Huff contend their negligence claim did not accrue until they later suffered "damages" when the statute of limitations defense was actually raised in their Oregon personal injury lawsuit. We find that the negligence claim accrued upon suffering injury, meaning damage. We further clarify that "damages" are the monetary value of the injury or damage. We reject the proposal to extend the time limits until damages are known. Accordingly, we affirm.

## FACTS

¶2 The Huff family was involved in a motor vehicle accident in Oregon on February 13, 1993. Mr. and Mrs. Huff (the Huffs) and Forrest, the parties' minor son, allegedly were injured. The Huffs retained Washington attorney Patrick Roach to represent them on February 25, 1993. When the Oregon two-year statute of limitations for the Huffs' claims for Forrest's medical expenses passed on February 13, 1995, Mr. Roach had not filed a lawsuit on their behalf. As a minor, Forrest's personal claims were unaffected.

¶3 On June 8, 1995, Mr. Roach received notice Mr. and Mrs. Huff had retained Carl A. Taylor Lopez to represent them. By June 24, 1995, the Huffs had notice, through their new attorney, that Mr. Roach had missed the statute of limitations in their personal injury case. The Huffs apparently chose to litigate their underlying claims instead of bringing a legal malpractice claim against Mr. Roach.

---

[1] The respondents in this case are Mr. Patrick T. Roach, Roach & Ramming Law Offices, P.S., Johnston & Roach, P.S., and John Doe. For ease of reference, the respondents will be referred to as "Mr. Roach."

¶4 Mr. Lopez filed the underlying suit in Oregon on August 7, 1998. From the complaint, it was unclear whether the Huffs were seeking damages on their own behalf or solely for Forrest. Thus, the Oregon defendants did not raise the statute of limitations issue until it became apparent Mr. and Mrs. Huff were seeking damages for themselves as well as for Forrest. Then, the Huffs voluntarily dismissed their personal claims on September 25, 2000, and settled Forrest's claims.

¶5 On May 23, 2002, the Huffs filed this legal malpractice suit against Mr. Roach. Mr. Roach successfully moved for summary judgment dismissal based upon his statute of limitations affirmative defense, arguing the claim was made nearly seven years after discovery. The trial court rejected the Huffs' argument that their malpractice case did not accrue until September 2000, when they dismissed their Oregon claims. The court partly reasoned the law did not require proof of a time-barred lawsuit or damages as a prerequisite to filing a legal malpractice claim. The Huffs appealed.

## ANALYSIS

¶6 The issue is whether the trial court erred in granting summary judgment dismissal of the Huffs' legal malpractice suit and concluding the action was time barred under the three-year statute of limitations based upon the discovery rule.

¶7 In reviewing summary judgment, we engage in the same inquiry as the trial court. *Lavigne v. Chase, Haskell, Hayes & Kalamon, P.S.*, 112 Wn. App. 677, 682, 50 P.3d 306 (2002) (citing *Huff v. Budbill*, 141 Wn.2d 1, 7, 1 P.3d 1138 (2000)). Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.* We review all facts and reasonable inferences in the light most favorable to the nonmoving party and all issues of law de novo. *Id.* Here, the Huffs acknowledge no material fact issues exist.

■■ ¶8 The statute of limitations for a legal malpractice action in Washington is three years. RCW 4.16.080(3); *Matson v. Weidenkopf*, 101 Wn. App. 472, 481, 3 P.3d 805 (2000) (citing *French v. Gabriel*, 116 Wn.2d 584, 595, 806 P.2d 1234 (1991)). Generally, the statute of limitations accrues when the plaintiff has a right to seek relief in the courts. *Janicki Logging & Constr. Co. v. Schwabe, Williamson & Wyatt, P.C.*, 109 Wn. App. 655, 659, 37 P.3d 309 (2001).

■ ¶9 The discovery rule applies in legal malpractice actions, and the statute of limitations does not accrue " 'until the client discovers, or in the exercise of reasonable diligence should have discovered the facts which give rise to his or her cause of action.' " *Matson*, 101 Wn. App. at 482 (quoting *Peters v. Simmons*, 87 Wn.2d 400, 406, 552 P.2d 1053 (1976)). The rule does not specifically require knowledge of the existence of a legal cause of action. *Matson*, 101 Wn. App. at 482. Instead, the statute of limitations begins to run when " 'the plaintiff knew or should have known all of the essential elements of the cause of action.' " *Id.* (quoting *Gevaart v. Metco Constr., Inc.*, 111 Wn.2d 499, 501-02, 760 P.2d 348 (1988)).

■■ ¶10 Here, malpractice refers to legal negligence. "The elements of negligence are duty, breach, causation, and *injury*." *Keller v. City of Spokane*, 146 Wn.2d 237, 242, 44 P.3d 845 (2002) (emphasis added). The "injury" element refers to "damage," as opposed to "damages." "Damages" are the monetary value of the injury or damage proximately caused by the breach of alleged duty.

■■ ¶11 Frequently, recitations of the negligence elements inaptly refer to "damages" as an element of negligence rather than damage or injury. *See Janicki Logging*, 109 Wn. App. at 660 (using the terminology "damages" rather than injury or damage). Although "injury" and "damages" are often used interchangeably, an important difference exists in meaning. *See Lavigne*, 112 Wn. App. at 683 (citing 3 RONALD E. MALLEN & JEFFREY M. SMITH, LEGAL MALPRACTICE § 20.1, at 119 (5th ed. 2000)). In the legal

malpractice context, injury is the invasion of another's legal interest, while damages are the monetary value of those injuries. *Id.* The Huffs were injured by Mr. Roach when he missed the statute of limitations, effectively invading their legal interests. *See id.* at 683-84.

¶12 The Huffs' argument that they did not suffer damages until the statute of limitations defense was raised misses the point that their negligence claim accrued upon damage or injury. Thus, their citation to *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 543 P.2d 338 (1975) (injury and damages do not always occur simultaneously) is inapt. In *Gazija*, the court found the injury occurred when the insurance company failed to correctly apply premium payments, but the damages were not realized until the insurance company refused to indemnify the insured after his boat sank. *Id.* at 223; *see also Streifel v. Hansch*, 40 Wn. App. 233, 237, 698 P.2d 570 (1985) (noting *Gazija*, but refusing to extend the statute of limitations where appellants were aware of the facts underlying damages).

¶13 Mr. Roach points to numerous Washington cases in which clients brought legal malpractice claims prior to suffering an adverse judgment. *Seamans v. Walgren*, 82 Wn.2d 771, 514 P.2d 166 (1973); *see Lavigne*, 112 Wn. App. 677; *Matson*, 101 Wn. App. 472; *Sherry v. Diercks*, 29 Wn. App. 433, 628 P.2d 1336 (1981). Typically, damages claims are tried as a "case within a case," being a question for the trier of fact. *See Sherry*, 29 Wn. App. at 437-38.

¶14 Other jurisdictions have declined to extend the discovery rule as proposed by the Huffs. *See Brown v. Behles & Davis*, 2004 NMCA 28, 135 N.M. 180, 86 P.3d 605, 608 (holding, "our case law fixes the time of actual injury when an attorney's acts or omissions result 'in the loss of a right, remedy, or interest, or in the imposition of a liability . . . regardless of whether future events may affect the permanency of the injury or the amount of monetary damages eventually incurred'" (quoting *Sharts v. Natelson*, 118 N.M. 721, 885 P.2d 642, 646 (1994))); *Fritzeen v. Gravel*, 175 Vt. 537, 830 A.2d 49, 54 (2003) (declining to extend the statute of

limitations where plaintiffs had notice of sufficient information surrounding the general nature of damages during the limitations period, although the extent of damages may not have been known); *Uhler v. Doak*, 268 Mont. 191, 200, 885 P.2d 1297 (1994) (noting, "[t]he fact that some court had not formally dismissed [the plaintiff's] claim . . . simply related to the issue of whether they had notice of their damage"); *Finlayson v. Sanbrook*, 10 Cal. App. 4th 1436, 13 Cal. Rptr. 2d 406 (1992) (finding the client's injury occurred when the underlying suit was time barred, and knowledge existed prior to the running of the statute of limitations).

¶15 Some jurisdictions appear to follow the rule urged by the Huffs and effectively toll the statute of limitations until the underlying claim is concluded. *See Wagner v. Sellinger*, 847 A.2d 1151, 1156 (D.C. 2004) (holding in a legal malpractice case, the statute of limitations is not triggered by a potential injury until the underlying lawsuit is resolved); *Lucey v. Law Offices of Pretzel & Stouffer*, 301 Ill. App. 3d 349, 356, 703 N.E.2d 473, 234 Ill. Dec. 612 (1998) (holding, "Illinois courts have frequently recognized . . . a cause of action for legal malpractice will rarely accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of his attorney"); *Welborn v. Shipman*, 608 So. 2d 334, 336 (Ala. 1992) (finding statute of limitations did not begin to run until final judgment was entered, although plaintiff was aware of attorney's failure to present crucial evidence prior to that date); *K.J.B., Inc. v. Drakulich*, 107 Nev. 367, 369-70, 811 P.2d 1305 (1991) (finding statute of limitations for legal malpractice does not begin to run until the conclusion of the underlying litigation; until then, the element of injury or damage remains speculative and remote); *Johnson v. Cornett*, 474 N.E.2d 518, 519 (Ind. Ct. App. 1985) (holding attorney negligence did not result in damage until dissolution order in divorce proceeding became final).

¶16 Adopting the Huffs' proposed exception would conflict with Washington's policy favoring the statute of limi-

tations as shielding defendants from stale claims. *Crisman v. Crisman*, 85 Wn. App. 15, 19, 931 P.2d 163 (1997). "When plaintiffs sleep on their rights, evidence may be lost and witnesses' memories may fade." *Id.* Any rule that tolls the statute of limitations is in conflict with these policies. *Janicki Logging*, 109 Wn. App. at 662. As such, this court recognizes the need to balance the unfairness of cutting off stale claims when the plaintiff would probably not have known he had been injured until the limitations period had run, against assumptions that stale claims are more likely to be spurious and supported by untrustworthy evidence. *See Gazija*, 86 Wn.2d at 222.

¶17 Under the proposed exception, the limitations period could be indefinitely extended simply by filing a time-barred action, however late, and waiting until an adverse judgment is rendered to file a negligence suit. The proposed exception conflicts with Washington cases supporting a strict application of the statute of limitations. *See Bennett v. Dalton*, 120 Wn. App. 74, 85-86, 84 P.3d 265 (2004) (citing *O'Neil v. Estate of Murtha*, 89 Wn. App. 67, 73-74, 947 P.2d 1252 (1997)); *Janicki Logging*, 109 Wn. App. at 662. We will not generally read an exception into statutes of limitation which has not been embodied in the statute, however reasonable such exception may seem. *O'Neil*, 89 Wn. App. at 73-74.

¶18 In sum, the Huffs were not diligent in pursuing their rights. *Matson*, 101 Wn. App. at 482. They knew the facts underlying their malpractice claim as early as June 24, 1995, nearly seven years before filing suit, well within the three-year statute of limitations. The trial court did not err in granting summary judgment dismissal.

¶19 Affirmed.

SCHULTHEIS and KURTZ, JJ., concur.

Reconsideration denied March 18, 2005.

Review denied at 155 Wn.2d 1023 (2005).