14-3074-cv
Coale v. Metro-North R.R.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          PIERRE N. LEVAL,
          REENA RAGGI,
                    *Circuit Judges.*

-----------------------------------------------------------------------

WILLIAM COALE,

                    *Plaintiff-Appellant*,

          v.                                              No. 14-3074-cv

METRO-NORTH       COMMUTER       RAILROAD
COMPANY,

                    *Defendant-Appellee,*

NEW HAVEN PARKING AUTHORITY,
                    *Third-Party-Defendant.*[*]

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:    GEORGE J. CAHILL, JR. (Scott E. Perry, *on the brief*), Cahill & Perry, P.C., New Haven, Connecticut.

---
[*] The Clerk of Court is directed to amend the official caption as shown above.

1

APPEARING FOR APPELLEE:     BECK S. FINEMAN, Ryan Ryan Deluca LLP, Stamford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 5, 2014, is VACATED and the case is REMANDED for further proceedings consistent with this order.

Plaintiff William Coale, a former assistant conductor for Metro-North Commuter Railroad Co. ("Metro-North"), appeals from an award of summary judgment in favor of defendant Metro-North on Coale's Federal Employers' Liability Act ("FELA") claim, see 45 U.S.C. § 51 et seq., for negligent failure to provide a safe work environment, causing him to suffer a serious back injury. We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56(a); Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 842–43 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    FELA Claim

FELA places a duty on railroad employers to provide their employees with a safe workplace, see 45 U.S.C. § 51; Tufariello v. Long Island R.R., 458 F.3d 80, 87 (2d Cir. 2006), which "includes the duty to maintain and inspect work areas," Sinclair v. Long Island R.R., 985 F.2d 74, 76 (2d Cir. 1993). A railroad breaches its FELA duty "if it knew

2

or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees." Williams v. Long Island R.R., 196 F.3d 402, 406 (2d Cir. 1999) (internal quotation marks omitted). Courts apply a more relaxed standard of both negligence and causation to FELA negligence claims than to those arising under common law. See Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506 (1957); Williams v. Long Island R.R., 196 F.3d at 406. This does not make FELA a strict liability statute, see Williams v. Long Island R.R., 196 F.3d at 406; claimants must offer some evidence to support a finding of negligence, O'Hara v. Long Island R.R., 665 F.2d 8, 9 (2d Cir. 1981). But it does mean that juries have more latitude to infer negligence than at common law, such that the question can rarely be taken from them and decided by the court as a matter of law. See Williams v. Long Island R.R., 196 F.3d at 407; Ulfik v. Metro-North Commuter R.R., 77 F.3d 54, 58 (2d Cir. 1996).

Coale argues that the district court erred in concluding, as a matter of law, that Metro-North could not be held liable under FELA for his workplace injuries because it lacked actual or constructive notice of the precipitating hazardous condition, namely, an oily, shiny substance on the floor of Metro-North's New Haven Employee Register Room. As the district court correctly recognized, under our precedent, "the essential element of reasonable foreseeability in FELA actions . . . requires proof of actual or constructive notice to the employer of the defective condition that caused the injury." Sinclair v. Long Island R.R., 985 F.2d at 77 (internal citation omitted). Here, Coale did not demonstrate notice through specific evidence that a Metro-North employee or agent created the hazard.

3

Nor did he adduce evidence that the hazard was so obvious and persistent in nature that Metro-North can be charged with constructive notice under its duty to inspect. See, e.g., id. (holding that jury could reasonably infer from proffered photographs that hazardous condition existed long enough to impart constructive or actual notice to railroad).

Nevertheless, we conclude that summary judgment should not have been awarded to Metro-North because we cannot conclude, as a matter of law, that his negligence claim necessarily fails on a theory of res ipsa loquitur. To pursue that theory, a plaintiff must show that (1) the injurious event "was of a kind which ordinarily does not occur in the absence of someone's negligence," (2) "it was caused by an agency or instrumentality within the exclusive control of the defendant," and (3) "it was not due to any voluntary action or contribution on the part of the plaintiff." Potthast v. Metro-North R.R., 400 F.3d 143, 149 (2d Cir. 2005) (internal quotation marks omitted). The district court concluded that Coale could not satisfy either the first or second elements. As to the first, it observed that "[s]lip and fall cases often occur in the absence of negligence." Coale v. Metro-North R.R., 34 F. Supp. 3d 206, 219 (D. Conn. 2014). While that may be true in the abstract, it cannot be said, as a matter of law, about the slip and fall here at issue. Coale slipped because an oily substance had pooled on the Register Room floor. There is no apparent explanation for the presence of that substance except someone's negligence. Indeed, Metro-North has proffered no non-negligent explanation.

As to the second element, the district court noted "the possibility that someone other than Metro-North or [its contract agent] NHPA could have caused the spill, . . . such that

4

this Court cannot conclude that Metro-North or NHPA had exclusive control of the substance upon which Coale slipped." Id. But the "possibility" seems remote given that the Register Room was a restricted area, accessible only through a keypad-secured door. While Metro-North offered evidence that a technician entered the room approximately once a year to service a vending machine, and that Amtrak employees occasionally used a secured bathroom, it made no showing that any such persons, for whose actions it would not have been responsible, had been in the Register Room on the day of Coale's injury. By contrast, Coale offered evidence that the Register Room had been used as usual by Metro-North employees throughout the day of his injury. On this record, the res ipsa loquitur question should not have been taken from the jury. See Potthast v. Metro-North R.R., 400 F.3d at 150–51 & n.9 (noting that "'requirement' of exclusive control has not been read so strictly in our cases, by the Restatement, and by many state courts," as to foreclose res ipsa loquitur liability whenever third parties had access to injuring instrumentality, but rather that case properly proceeds to jury "so long as adequate evidence was presented [to] allow[] a jury to exclude the actions of such third parties as significant causes of the injury"); id. at 152 (cautioning that "in making determinations regarding the plaintiff's eligibility for a res ipsa loquitur charge, the court should be especially careful not to take to itself the role and responsibility of the jury," and further observing that "[i]n persuading the court that a plaintiff merits a res ipsa loquitur instruction, the plaintiff cannot be required to meet as high an evidentiary hurdle as would ultimately be needed to convince a jury"); see also Dermatossian v. N.Y.C. Transit Auth.,

67 N.Y.2d 219, 227, 501 N.Y.S.2d 784, 789 (1986) ("The exclusive control requirement, as generally understood, is that the evidence must afford a <u>rational basis</u> for concluding that the cause of the accident was <u>probably</u> such that the defendant would be responsible for any negligence connected with it. The purpose is simply to eliminate <u>within reason</u> all explanations for the injury other than the defendant's negligence. The requirement does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant's door." (emphasis added) (internal quotation marks and citations omitted)).

We therefore vacate the award of summary judgment in favor of Metro-North, and remand the case for further proceedings consistent with this order, including trial.

2.    <u>Denial of Spoliation Sanction</u>

Coale argues that the district court abused its discretion in failing to sanction Metro-North for spoliation of evidence, specifically, the oily substance on which he slipped. <u>See</u> <u>West v. Goodyear Tire & Rubber Co.</u>, 167 F.3d 776, 779 (2d Cir. 1999) (reviewing district court's decision on spoliation for abuse of discretion). A party seeking an adverse inference instruction based on the destruction of evidence must establish "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002) (internal quotation

6

marks omitted)). In denying Coale's motion, the district court concluded—moving directly to the third factor—that the destroyed evidence was not relevant to Coale's claim. See Coale v. Metro-North R.R., 34 F. Supp. 3d at 220. We are not persuaded. Insofar as identifying the substance may have shed light on the party who spilled it, the substance provided evidence relevant to an element of Coale's negligence claim—i.e., whether Metro-North had "actual or constructive notice . . . of the defective condition that caused the injury." Sinclair v. Long Island R.R., 985 F.2d at 77 (internal citation omitted); see Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998) (observing that party's destruction of evidence "relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction"). Nevertheless, because the district court did not evaluate the remaining factors in reaching its decision, we vacate the spoliation decision and remand for the district court to determine, in its discretion, whether a spoliation sanction is warranted in this case.

3.    Conclusion

For the reasons stated above, we VACATE the judgment of the district court and REMAND the case for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7